DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, James Jackson, appeals from the judgment of the Lorain County Court of Common Pleas which granted Appellee, Lucia T. Marquez's motion for a new trial. We reverse and remand.
 {¶ 2} On April 5, 1997, Appellant and Appellee were involved in an automobile accident. On January 29, 1999, Appellee filed suit against Appellant alleging negligence. Prior to trial, Appellant stipulated that his negligence was the cause of the accident. The case then proceeded to trial before a jury on October 20, 2004. *Page 2 
 {¶ 3} During trial, Appellee presented the testimony of her treating physician and the testimony of a neurosurgeon. In addition, Appellee testified and elicited testimony from her mother. Through the testimony of these witnesses, Appellee established that her out of pocket medical expenses were nearly $67,000 at the time of trial. Those damages included bills from Appellee's emergency room visit, bills from Appellee's treatment at Lorain Therapy Center, and bills from the physicians who saw and treated her after the accident.
 {¶ 4} In response, Appellant relied upon the report of Dr. Duret S. Smith. Dr. Smith did not testify. Dr. Smith's report concluded that Appellee's pain was due to an ailment unrelated to the automobile accident. The matter was then submitted to the jury, which on October 22, 2004, returned a verdict in favor of Appellee in the amount of $500. Appellee filed a motion for new trial on November 3, 2004. Following a hearing, on December 15, 2004, the trial court granted Appellee's motion.[1] Appellant timely appealed the trial court's judgment, raising one assignment of error for review.
 {¶ 5} On April 28, 2006, we reversed the trial court's decision granting Appellee a new trial because the trial court's order failed to articulate the reasons for its decision. This Court then remanded the case back to the trial court for proceedings consistent with our opinion. *Page 3 
 {¶ 6} On August 2, 2006, the trial court again ordered a new trial. Appellant timely appealed the trial court's August 2, 2006 order, raising one assignment of error.
 Assignment of Error "The trial court acted arbitrarily and unreasonably in granting [Appellee] a new trial following a jury verdict that awarded [Appellee] $500 in damages."
 {¶ 7} Appellant argues that the trial court's August 2, 2006 order is again deficient as was its original order of December 15, 2004. Appellant argues that the trial court's order does not meet the standard set forth by the Ohio Supreme Court in Antal v. Olde Worlde Products,Inc. (1984), 9 Ohio St.3d 144, in that it does not provide adequate reasons why the verdict is not sustained by the weight of the evidence. We agree that the trial court's order does not meet the Antal standard but for different reasons.
 {¶ 8} Appellee argues that the trial court's order meets theAntal standard by incorporating the reasoning of Handel v. White (Feb. 28, 2001), 9th Dist. No. 20096. Appellee asserts that the trial court's admission of Appellant's expert report, over objection, when the expert did not testify at trial, unfairly prejudiced the jury and constituted an irregularity in the proceedings. This was especially true when Appellant's trial counsel repeatedly referred to the report during closing argument and the report was admitted into evidence and given to the jury to *Page 4 
review during deliberations. Moreover, inasmuch as the expert did not testify at trial, Appellee's counsel was not able to cross-examine him.
 {¶ 9} The trial court's order granted a new trial based on Civ.R. 59(A)(1). Pursuant to Civ.R. 59(A), a new trial may be ordered when the irregularity in the proceedings before the court prevents an aggrieved party from having a fair trial or "in the sound discretion of the court for good cause shown." Civ.R. 59(A). Because the decision of directing a new trial rests within the sound discretion of the trial court, a reviewing court may reverse a denial of a new trial only if the trial court abused its discretion. See Yungwirth v. McAvoy (1972),32 Ohio St.2d 285, 286. An abuse of discretion implies that a trial court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 10} In its journal entry, the trial court found that Appellee/Plaintiff had presented testimony from her treating physician, a neurosurgeon and her mother and stated as follows:
 "Through the testimony of [Plaintiffs] witnesses Appellee-Plaintiff established her out of pocket medical expenses were nearly $67,000.00 including bills from Appellee's emergency room visit, bills from Appellee's treatment at Lorain Therapy Center and bills from the physicians who saw and treated her." *Page 5 
The trial court's entry then summarizes Appellant's evidence:
 {¶ 11} "Appellant-Defendant relied upon the report of Dr. Duret S. Smith. Dr. Smith concluded that Appellee's pain was due to an ailment unrelated to the automobile accident."
 {¶ 12} Finally, the trial court's order sets forth its decision to grant a new trial pursuant to Civ.R. 59(A)(1), which provides for a new trial where there is an irregularity in proceedings and stated:
 "This Court granted a new trial due to the jury returning a verdict in an amount of $500.00 when through the testimony of her treating physician and testimony of a neurosurgeon she established that her out of pocket medical expenses were $66,000.00 plus, including emergency room visit, Lorain Therapy center and bills from the physicians who saw and treated her.
 "For the above reasons the Court granted a new trial, however, it did not so state at the time of it granting Appellee's motion for new trial."
 {¶ 13} Our conclusion to reverse the judgment entered below is guided by the Antal Court which continued as follows:
 "While the determination of whether a trial court's statement of reasons is sufficient should be left to a case-by-case analysis, we can say with a reasonable degree of certainty that such reasons will be deemed insufficient if simply couched in the form of conclusions or statements of ultimate fact." Antal, 9 Ohio St.3d at 147.
 {¶ 14} In the instant case, the trial court's order does not discuss or identify the irregularity in the proceedings upon which it based its decision to grant a new trial. The trial court did not state that the jury erred in concluding that only $500 of Appellee's damages was attributable to Appellant's negligence due to such irregularity. In addition, the trial court did not find that specific bills presented by *Page 6 
Appellee were proximately caused by Appellant and/or that an irregularity in the proceedings prevented such a finding, when one should have been made. Instead, the trial court's order briefly restates the evidence produced by each party in a few sentences. As the trial court did not provide any rationale in support of its decision to grant a new trial based on an irregularity in the proceedings, Appellant's sole assignment of error is sustained.[2] Id.
 {¶ 15} We note that Appellee's reliance on the Handel v. White for the proposition that the trial court's entry complies with Antal is misplaced. In Handel, this Court affirmed the trial court's grant of a new trial based on Civ.R. 59(A)(4), which provides for a new trial where the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony.Handel at 1. The trial court did not grant a new trial here pursuant to Civ.R. 59(A)(4).
 {¶ 16} Appellant's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for proceedings consistent with this opinion.
 Judgment reversed and cause remanded. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
WHITMORE, J., CONCURS
[1] The transcript of that hearing was not made a part of the record on appeal.
[2] We make no determination regarding whether the granting by the trial court of Appellee's motion for a new trial is appropriate. Our holding is limited to a determination that the trial court failed to set forth specific rationale in support of its order.