[Cite as *Catalanotto v. Byrd*, 2015-Ohio-277.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN CATALANOTTO, et al.

      Appellants/Cross-Appellees

v.

PHILLIS BYRD, et al.

      Appellees/Cross-Appellants

C.A. No.     27302

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 04 1811

DECISION AND JOURNAL ENTRY

Dated: January 28, 2015

---

CARR, Judge.

{¶1} Appellants/Cross-Appellees, John and Rita Catalanotto ("the Catalanottos"), appeal from the judgment of the Summit County Court of Common Pleas. Additionally, Appellee/Cross-Appellant, Phyllis Byrd, appeals from the court's judgment. This Court reverses and remands for further proceedings.

I.

{¶2} The Catalanottos and Byrd are neighbors who became embroiled in a long-standing feud with one another. The feud resulted in the Catalanottos filing suit against Byrd and her boyfriend, Defendant-Appellee, Edwin Moore. In their suit, the Catalanottos brought counts against both Byrd and Moore for trespass, loss of enjoyment, intentional infliction of emotional distress, invasion of privacy, and declaratory judgment. They also brought counts against Byrd alone for conversion, trespass to chattels, malicious prosecution, and abuse of process. Byrd and Moore answered the complaint, and Byrd filed several counterclaims against

the Catalanottos, including claims for trespass, assault, and intentional infliction of emotional distress. Byrd's counterclaims for trespass and assault included a request for punitive damages and attorney fees.

{¶3} A jury trial took place and, relevant to this appeal, resulted in verdicts in favor of Byrd on her counterclaims for trespass, assault, and intentional infliction of emotional distress. As to her claim for trespass, the jury found that the Catalanottos had acted with malice and that Byrd was entitled to attorney fees, but did not award her either compensatory or punitive damages. As to her claim for assault, the jury likewise found that the Catalanottos had acted with malice and that Byrd was entitled to attorney fees, but once again did not award her any compensatory damages. The jury awarded Byrd $5,000 in punitive damages on her claim for assault and $10,000 in compensatory damages on her claim for intentional infliction of emotional distress. The court entered a judgment on the verdicts and noted the need for a hearing on the matter of attorney fees.

{¶4} After the court entered its judgment, the Catalanottos filed a motion for judgment notwithstanding the verdict ("JNOV"). In their JNOV motion, they argued that Byrd was not entitled to punitive damages on her assault claim because the jury had failed to award her compensatory damages on that claim. They further argued that, once the court overturned the punitive damage award, Byrd would not be entitled to attorney fees. Byrd responded in opposition, arguing both that the Catalanottos' motion was procedurally defective and that she should prevail on the arguments underlying it.

{¶5} The trial court granted the JNOV motion in part and denied it in part. Specifically, the court vacated the punitive damage award, but allowed the award of attorney

fees. The court later held a hearing on the issue of attorney fees and ordered the Catalanottos to pay $15,000 for Byrd's attorney fees.

{¶6} The Catalanottos now appeal from the court's judgment, ordering them to pay Byrd's attorney fees. Additionally, Byrd cross-appeals from the court's judgment, vacating her punitive damage award. The parties collectively raise three assignments of error for our review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

II.

**BYRD'S ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN PARTIALLY GRANTING [THE CATALANOTTOS'] MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.

{¶7} In her sole assignment of error, Byrd argues that the trial court erred when it partially granted the Catalanottos' JNOV motion. She argues that the motion was procedurally defective, so the court should have denied it on its face. Alternatively, she argues that she ought to have prevailed on the merits underlying their motion. Because we agree that the court erred by entering a JNOV rather than determining whether a new trial was warranted, we do not address Byrd's alternative argument regarding the merits.

{¶8} After a court enters judgment on a jury's verdict, a party may file a motion for JNOV to have the judgment set aside on grounds other than the weight of the evidence. *See* Civ.R. 50(B). "JNOV is proper if upon viewing the evidence in a light most favorable to the non-moving party and presuming any doubt to favor the nonmoving party reasonable minds could come to but one conclusion, that being in favor of the moving party." *Williams v. Spitzer Auto World, Inc.*, 9th Dist. Lorain No. 07CA009098, 2008-Ohio-1467, ¶ 9. Yet, an argument that a jury's damage award is contrary to law "is not appropriate on a motion for [JNOV]

because Civ.R. 50(B) provides the means to challenge the jury's verdict, not the jury's award of damages." *Jemson v. Falls Village Retirement Community, Ltd.*, 9th Dist. Summit No. 20845, 2002-Ohio-4155, ¶ 17. "Instead, Civ.R. 59 provides litigants with an avenue to challenge damage awards in the form of a motion for a new trial." *Magnum Steel & Trading, L.L.C. v. Mink*, 9th Dist. Summit Nos. 26127 & 26231, 2013-Ohio-2431, ¶ 44. *See also* Civ.R. 59(A)(7).

{¶9} In their motion for JNOV, the Catalanottos did not take issue with any of the evidence submitted at trial or argue that any portion of the jury's verdict was unsupported by that evidence. *Compare Irvine v. Akron Beacon Journal*, 147 Ohio App.3d 428, 2002-Ohio-2204, ¶ 53-62 (9th Dist.) (punitive damage award contested through JNOV where movant argued there had been no evidence of actual malice). Instead, they argued that Byrd's award of punitive damages could not stand in the absence of a compensatory damage award and that her award of attorney fees could not stand in the absence of a punitive damage award. They specifically asked the court to set aside the jury's award of punitive damages and attorney fees because it was "contrary to Ohio law." Yet, an argument that a jury's damage award is contrary to law "is not appropriate on a motion for [JNOV]." *Jemson* at ¶ 17. *See also Magnum Steel & Trading, L.L.C.* at ¶ 44. Because the Catalanottos were not entitled to relief under Civ.R. 50(B), the trial court erred by affording them relief in the form of a JNOV.

{¶10} While we agree with Byrd that the trial court erred by affording the Catalanottos relief under Civ.R. 50(B), we do not agree that a simple reversal and reinstatement of her award would be appropriate under these facts and circumstances. Byrd raised the same procedural objection to the Catalanottos' motion for JNOV in the court below. In response, the Catalanottos continued to pursue their JNOV, but also asked, in the alternative, for a new trial. The trial court did not address Byrd's procedural argument or examine whether it would be appropriate to

afford the Catalanottos relief in the form of a new trial. *See Magnum Steel & Trading, L.L.C.* at ¶ 44. *See also* Civ.R. 59(D) (court may order new trial on its own initiative "for any reason for which it might have granted a new trial on motion of a party"). Instead, the court only considered the Catalanottos' motion as one for JNOV and afforded them a remedy to which they were not entitled. In light of the court's error, we find it appropriate to reverse and remand this matter for further proceedings. On remand, the parties will be placed in the positions they occupied prior to the entry of the trial court's erroneous judgment in favor of the Catalanottos. Thus, the Catalanottos' JNOV motion will be before the court, and it will be for the court to decide whether to deny the motion on procedural grounds or to employ Civ.R. 59(D) and determine whether the Catalanottos should be afforded relief in the form of a new trial. Byrd's sole assignment of error is sustained on that basis.

## THE CATALANOTTOS' ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING [THE CATALONOTTOS'] MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.

## THE CATALANOTTOS' ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY REFUSING TO REDUCE [BYRD'S] REQUESTED ATTORNEY FEES, AS THE CALCULATION OF ATTORNEY FEES WAS UNREASONABLE.

{¶11} In their first assignment of error, the Catalanottos argue that the court erred by partially denying their JNOV because Byrd was not entitled to attorney fees in the absence of a punitive damage award. In their second assignment of error, they challenge the amount of attorney fees that the trial court awarded Byrd. Based on our resolution of Byrd's sole assignment of error, the Catalanottos' first assignment of error is moot and their second assignment of error is premature. Accordingly, we decline to address their assignments of error. *See* App.R. 12(A)(1)(c).

III.

{¶12} Byrd's sole assignment of error is sustained for the reasons set forth in the foregoing opinion. The Catalanottos' first assignment of error is moot and their second assignment of error is premature. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants/Cross-Appellees.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

J. REID YODER, Attorney at Law, for Appellants/Cross-Appellees.

PAUL F. ADAMSON, Attorney at Law, for Appellees/Cross-Appellants.