[Cite as *Catalanotto v. Byrd*, 2017-Ohio-7688.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN CATALANOTTO, et al.

    Appellants

    v.

PHYLLIS BYRD, et al.

    Appellee

C.A. No.    28426

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011-04-1811

DECISION AND JOURNAL ENTRY

Dated: September 20, 2017

CALLAHAN, Judge.

{¶1}    Appellants, John and Rita Catalanotto ("the Catalanottos"), appeal the judgment entered in favor of Appellee, Phyllis Byrd, in the Summit County Court of Common Pleas. For the reasons set forth below, this Court reverses and remands.

I.

{¶2}    This case arises from a long-standing feud between neighbors. This is the fourth appeal in this matter following the jury trial and post-judgment motions.

{¶3}    The first appeal was dismissed upon the parties' joint motion. *See Catalanotto v. Byrd*, 9th Dist. Summit No. 27144 (Jan. 22, 2014) ("*Catalanotto I*"). The second appeal outlined the parties' claims, the jury's verdict, and the disposition of the post-trial motions:

> In their suit, the Catalanottos brought counts against both Byrd and [Edwin] Moore for trespass, loss of enjoyment, intentional infliction of emotional distress, invasion of privacy, and declaratory judgment. They also brought counts against Byrd alone for conversion, trespass to chattels, malicious prosecution, and abuse of process. Byrd and Moore answered the complaint, and Byrd filed several counterclaims against the Catalanottos, including claims for trespass, assault, and

intentional infliction of emotional distress. Byrd's counterclaims for trespass and assault included a request for punitive damages and attorney fees.

A jury trial took place and * * * resulted in verdicts in favor of Byrd on her counterclaims for trespass, assault, and intentional infliction of emotional distress. As to her claim for trespass, the jury found that the Catalanottos had acted with malice and that Byrd was entitled to attorney fees, but did not award her either compensatory or punitive damages. As to her claim for assault, the jury likewise found that the Catalanottos had acted with malice and that Byrd was entitled to attorney fees, but once again did not award her any compensatory damages. The jury awarded Byrd $5,000 in punitive damages on her claim for assault and $10,000 in compensatory damages on her claim for intentional infliction of emotional distress. The court entered a judgment on the verdicts and noted the need for a hearing on the matter of attorney fees.

* * * [T]he Catalanottos filed a motion for judgment notwithstanding the verdict ("JNOV"). In their JNOV motion, they argued that Byrd was not entitled to punitive damages on her assault claim because the jury had failed to award her compensatory damages on that claim. They further argued that, once the court overturned the punitive damage award, Byrd would not be entitled to attorney fees. Byrd responded in opposition, arguing both that the Catalanottos' motion was procedurally defective and that she should prevail on the arguments underlying it.

The trial court granted the JNOV motion in part and denied it in part. Specifically, the court vacated the punitive damage award, but allowed the award of attorney fees. [After an attorney fee hearing, the trial court] ordered the Catalanottos to pay $15,000 for Byrd's attorney fees.

*Catalanotto v. Byrd*, 9th Dist. Summit No. 27302, 2015-Ohio-277, ¶ 2-5 ("*Catalanotto II*").[1] In

*Catalanotto II*,

Both parties appealed the original trial court's ruling on the Civ.R. 50(B) motion. Byrd argued on appeal that the trial court erred in partially granting the Catalanottos' Civ.R. 50(B) motion because the motion was procedurally defective in that it only challenged the punitive damages and attorney fee awards as "contrary to Ohio law." [This Court] agreed and sustained Byrd's assignment of error on that basis since Civ.R. 50(B) only allows parties to challenge a jury's verdict, not the jury's damages award. [This Court] further determined that the

---

[1] While the Catalanottos asserted a claim for intentional infliction of emotional distress against Ms. Byrd and Mr. Moore, *Catalanotto II*, 2015-Ohio-277, at ¶ 2, the record does not reflect any disposition of that cause of action. However, the judgment entry following the jury trial included Civ.R. 54(B) language. Accordingly, the Catalanottos' intentional infliction of emotional distress claim remains pending.

appropriate relief for this error was to reverse and remand and [this Court] explained the scope of the proceedings on remand as follows:

"On remand, the parties will be placed in the positions they occupied prior to the entry of the trial court's erroneous judgment in favor of the Catalanottos. Thus, the Catalanottos' [Civ.R. 50(B)] motion will be before the court, and it will be for the court to decide whether to deny the motion on procedural grounds or to employ Civ.R. 59(D) and determine whether the Catalanottos should be afforded relief in the form of a new trial."

On remand, the trial court denied the Catalanottos' motion for judgment notwithstanding the verdict and their "prayer for a new trial." As to the Civ.R. 50(B) motion, the trial court stated that "[s]ince there is no provision in Civ.R. 50(B) for relief based on a jury award that is contrary to law, [the Catalanottos'] Civ.R. 50(B) motion * * * is denied as it is a remedy to which they are not entitled." As to the Catalanottos' request for a new trial, the trial court noted that the entry of judgment was filed on May 17, 2013 and the Catalanottos did not assert their request for a new trial until filing a reply brief on June 14, 2013. The trial court concluded that under the provisions of former Civ.R. 59, the Catalanottos had to request a new trial within 14 days of the entry of judgment and since they failed to do that, the trial court denied the Catalanottos' request as untimely. The trial court also declined to sua sponte grant a new trial under Civ.[R.] 59(D) on the basis that this provision only allows such relief within 28 days of the entry of judgment. The court determined that since the time period for such relief expired on June 14, 2013, it was precluded from sua sponte granting a new trial.

(Internal citations and footnote omitted.) *Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 3-4 ("*Catalanotto III*").

{¶4}   The Catalanottos appealed the trial court's denial of their motion for new trial as being untimely filed. *Catalanotto III* at ¶ 6. This Court sustained the Catalanottos' assignment of error because pursuant to Civ.R. 86(JJ) "this matter was pending when the amended version of Civ.R. 59(B) became effective, [and] the amendment's 28-day time limitation [for filing a motion for new trial] applied to this matter." *Id.* at ¶ 9. Applying the amended version of Civ.R. 59(B), this Court held that the Catalanottos' request for new trial in their reply brief was filed on the 28th day and thus was timely. *Id.* The matter was remanded "for the trial court to address the merits of the Catalanottos' request for a new trial in the first instance." *Id.* at ¶ 12.

**{¶5}** On the second remand, the trial court denied the Catalanottos' motion for new trial. Reviewing the merits of the Catalanottos' argument, the trial court "[found] that the punitive damages award and award of attorney fees [were] not contrary to law." The Catalanottos timely appeal this judgment, raising two assignments of error for review.

## II.

## <u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED BY FAILING TO ORDER A NEW TRIAL.

**{¶6}** In the first assignment of error, the Catalanottos argue the trial court erred when it denied their motion for new trial because the jury's award of punitive damages and attorney fees was 1) contrary to law, 2) awarded excessive damages, and 3) erred in the amount of recovery. This Court agrees as to their first argument only.

**{¶7}** The applicable standard of review of an order granting or denying a motion for new trial is based upon the specific grounds of the motion. *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 17. "[W]hen the basis of the motion involves a question of law, the de novo standard of review applies, and when the basis of the motion involves the determination of an issue left to the trial court's discretion, the abuse of discretion standard applies." *Dragway 42, L.L.C. v. Kokosing Constr. Co., Inc.,* 9th Dist. Wayne No. 09CA0073, 2010-Ohio-4657, ¶ 32; *see also Rohde v. Farmer*, 23 Ohio St.2d 82 (1970), paragraphs one and two of the syllabus.

**{¶8}** Pursuant to Civ.R. 59(A), "[a] new trial may be granted to all or any of the parties and on all or part of the issues" upon a finding of one of the nine grounds. In this appeal, the Catalanottos seek a new trial under the following subsections of Civ.R. 59(A):

(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

* * *

(7) The judgment is contrary to law[.]

{¶9} In *Catalanotto II*, this Court ordered that upon remand "the parties [were to] be placed in the positions they occupied prior to the entry of the trial court's erroneous judgment in favor of the Catalanottos." *Catalanotto II*, 2015-Ohio-277, at ¶ 10. In compliance with that mandate, the trial court ordered "[a]ll pleadings filed after the [trial court's] August 22, 2013 ruling [were] stricken from the record." Accordingly, the only briefs relative to the request for new trial that were before the trial court were the Catalanottos' May 23, 2013 motion and June 14, 2013 reply, and Ms. Byrd's June 6, 2013 response.

{¶10} While the Catalanottos did not specifically cite to any Civ.R. 59(A) grounds in their trial briefs, their argument was limited to the judgment is contrary to law analysis under Civ.R. 59(A)(7). The Catalanottos did not argue Civ.R. 59(A)(4), excessive or inadequate damages, or Civ.R. 59(A)(5), error in the amount of recovery, to the trial court as the basis for a new trial. "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12; *see State ex rel. Zollner v. Indus. Comm. of Ohio*, 66 Ohio St.3d 276, 278 (1993).

{¶11} Moreover, the trial court also noted the Catalanottos' failure to identify a Civ.R. 59(A) subsection, but construed their motion as being brought under subsection (7), the judgment is contrary to law. Accordingly, the trial court reviewed and decided the Catalanottos'

request for new trial pursuant to Civ.R. 59(A)(7) only. The appellate scope of review of the trial court's ruling on a motion for new trial is limited to that which the court has specified as the basis for its ruling. *See Pangle v. Joyce*, 76 Ohio St.3d 389, 391 (1996), fn. 2. Based on the scope of the Catalanottos' arguments in their trial brief and the trial court's decision, this Court will limit its review to Civ.R. 59(A)(7), the judgment is contrary to law.

{¶12} Civ.R. 59(A)(7) allows a court to grant a new trial if the judgment is contrary to law. When a party asserts that a judgment is contrary to law, the question presented is one of law and requires a de novo review. *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs., Inc.*, 8th Dist. Cuyahoga No. 104014, 2017-Ohio-1443, ¶ 12. De novo review encompasses an independent examination of the trial court's decision without deference to the underlying decision. *Ohio Receivables, L.L.C. v. Landaw,* 9th Dist. Wayne No. 09CA0053, 2010-Ohio-1804, ¶ 6, quoting *State v. Consilio,* 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

**Punitive Damages: Assault**

{¶13} The Catalanottos argue the jury's award of $5,000 in punitive damages on Ms. Byrd's assault counterclaim is contrary to law in the absence of compensatory damages. This Court agrees.

{¶14} R.C. 2315.21(C) permits recovery of punitive damages in a tort action when *both* of the following apply:

(1) The actions or omissions of that defendant demonstrate malice * * * [; and]

(2) The trier of fact has returned a verdict or has made a determination pursuant to division (B)(2) or (3) of this section of the total compensatory damages recoverable by the plaintiff from that defendant.

*See K.R.G. Inc. v. Patel*, 9th Dist. Summit Nos. 24083, 24190, 2008-Ohio-5446, ¶ 11. The Ohio Supreme Court has repeatedly held that punitive damages may not be awarded in the absence of

an award of actual or compensatory damages. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 12; *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 447 (1996); *Cabe v. Lunich*, 70 Ohio St.3d 598, 601 (1994); *Shimola v. Nationwide Ins. Co.*, 25 Ohio St.3d 84, 87 (1986); *Bishop v. Grdina*, 20 Ohio St.3d 26, 27 (1985); *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 82 (1984); *Richard v. Hunter*, 151 Ohio St. 185 (1949), paragraph one of the syllabus.

{¶15} Relying on *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638 (1994), Ms. Byrd argues that she does not need a compensatory damage award on the assault claim to support the punitive damages on the same claim. Ms. Byrd asserts that her causes of action are so intertwined that the compensatory damages award for her intentional infliction of emotional distress claim is sufficient to satisfy the compensatory damages requirement for the assault claim. *See id.* at 561.

{¶16} *Moskovitz* is not applicable because the claims and damages sought in that case were pled and presented to the jury differently than in this case. In *Moskovitz*, the plaintiff pled claims for wrongful death and survivorship. *Id*. at 644. The plaintiff did not plead a separate cause of action for alteration of records, but instead included such allegations and request for punitive damages under the survivorship claim. *Id*. at 643-644. The *Moskovitz* decision recognized a party could either bring a separate claim for spoliation or include allegations of spoliation within an underlying medical malpractice claim. *Id*. at 650-651. The jury returned a verdict for compensatory damages upon the survivorship claim and awarded punitive damages on the same claim based on the defendants' alteration of records. *Id.* at 647. By attaching the spoliation allegations to the survivorship claim, the plaintiff did not need to prove separate compensatory harm arising from the spoliation allegation. *Id*. at 650-651.

{¶17} This case is different for two reasons. First, Ms. Byrd pled three torts: trespass, assault, and intentional infliction of emotional distress. Each claim included allegations of malice arising from that respective claim. Unlike *Moskovitz*, Ms. Byrd's allegations of malice arose from the same tort and facts in which she sought compensatory damages.

{¶18} Second, in her prayer for relief, Ms. Byrd made a general request as to all claims "for compensatory and punitive damages []according to proof." At trial, the issue of malice and punitive damages on the intentional infliction of emotion distress claim was not submitted to the jury. The jury was only instructed on malice and punitive damages on the trespass and assault claims. As to the assault claim, the jury found malice and awarded punitive damages, but found no underlying compensatory harm arising from the assault. Because Ms. Byrd pled intentional infliction of emotional distress and assault as separate and distinct claims and she pursued separate and distinct relief for each claim, *Moskovitz* does not permit her to combine the claims post-verdict to support a punitive damages award. Accordingly, *Moskowitz* is not applicable in this case.

{¶19} On Ms. Byrd's assault counterclaim, the jury found in favor of Ms. Byrd but awarded zero compensatory damages. The jury went on to find the Catalanottos acted with malice and awarded $5,000 in punitive damages. While the jury made the requisite finding of malice, it failed to award Ms. Byrd any compensatory damages. The jury's punitive damages award is contrary to R.C. 2315.21(C)(1)-(2). The trial court ignored the requirement of compensatory damages for the awarding of punitive damages, *see Niskanen*, 2009-Ohio-3626, at ¶ 12, and thus erred in denying the Catalanottos' motion for new trial on the basis that the judgment was contrary to law.

**{¶20}** The Catalanottos' first assignment of error as it pertains to the punitive damages award on Ms. Byrd's assault counterclaim is sustained.

**Attorney Fees: Trespass and Assault**

**{¶21}** The Catalanottos argue the jury's award of attorney fees relative to Ms. Byrd's trespass and assault counterclaims is contrary to law in the absence of compensatory damages and the unwarranted award of punitive damages. This Court agrees.

**{¶22}** "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7. "However, there are exceptions to this rule. Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees, or when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant[.]" (Internal citations omitted.) *Id.* Attorney fees may also be awarded as an element of compensatory damages if punitive damages are awarded by a jury. *Zoppo v. Homestead Ins. Co.,* 71 Ohio St.3d 552, 558 (1994).

**{¶23}** Ms. Byrd argues her attorney fees are permissible under the second exception: the prevailing party has demonstrated bad faith by the opponent. Relying on *Schiavoni v. Roy*, 9th Dist. Medina No. 11CA0108-M, 2012-Ohio-4435, Ms. Byrd asserts that punitive damages are not a prerequisite to an attorney fee award when there is bad faith conduct by the defendant. *Id.* at ¶ 32. While this is an accurate statement of law, this exception is not applicable in this matter.

**{¶24}** Ms. Byrd's counterclaim did not allege bad faith conduct, but instead alleged "intentional" conduct and "intentional[] and willful[]" conduct by the Catalanottos as to the

trespass and assault claims, respectively. Moreover, the jury was instructed on the definition of malice which followed the definition set forth in *Preston v. Murty*, 32 Ohio St.3d 334 (1987):

> Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, *or* (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

(Emphasis sic.) *Id.* at syllabus. The jury instructions did not address bad faith. Nor did the verdicts specify a finding of bad faith. Further, the parties did not file a complete transcript of the jury trial. Accordingly, there is no evidence before this Court of bad faith by the Catalanottos with regard to the trespass and assault counterclaims. Based on the foregoing, Ms. Byrd's reliance on the bad faith exception is misplaced.

{¶25} In this case, the only applicable exception for awarding attorney fees is upon an award of punitive damages. *See Columbus Fin., Inc. v. Howard*, 42 Ohio St.2d 178, 183 (1975). As to Ms. Byrd's trespass counterclaim, the jury found the Catalanottos acted with malice, awarded zero punitive damages, but awarded attorney fees. "Because no punitive damages were awarded, attorney fees may not be awarded either." *Dotson v. Village Res. Dev. Co.*, 9th Dist. Lorain No. 98CA007066, 1999 WL 494068, *5 (July 14, 1999); *see Henry v. City of Akron*, 27 Ohio App.3d 369, 371 (9th Dist.1985). The jury's attorney fees award as to Ms. Byrd's trespass counterclaim is contrary to law and the trial court erred in denying the Catalanottos' motion for new trial.

{¶26} With regard to Ms. Byrd's assault counterclaim, the jury found the Catalanottos acted with malice and awarded $5,000 in punitive damages and attorney fees.[2] While the jury

---

[2] While the assault verdict form included a verdict regarding attorney fees therein, the jury was not instructed regarding the application of attorney fees on the assault counterclaim.

awarded punitive damages, it did so contrary to law as addressed above. Because Ms. Byrd's punitive damages award on the assault counterclaim was not proper, an award of attorney fees is not permissible. *See Columbus Fin., Inc.* at 183. The jury's attorney fees award on Ms. Byrd's assault counterclaim is contrary to law and the trial court erred in denying the Catalanottos' motion for new trial.

{¶27} The Catalanottos' first assignment of error as it pertains to the attorney fees award on Ms. Byrd's trespass and assault counterclaims is sustained.

**Scope of new trial for trespass and assault counterclaims**

{¶28} Civ.R. 59(A) permits a new trial to be granted "on all or part of the issues." A new trial is only awarded as to the portion of the trial where prejudicial error was found. *Mast v. Doctor's Hosp. N.*, 46 Ohio St.2d 539, 541 (1976).

{¶29} In this case, the Catalanottos' motion sought to "set aside the jury's damages awards or, in the alternative, grant a new trial as to the claims" of trespass and assault. While the Catalanottos sought a new trial on the "claims," they did not present any arguments challenging the jury's liability determinations on the trespass and assault claims. Instead, the Catalanottos limited their arguments to the damages awards on those claims. Further, this Court has only found prejudicial error as to the damages portion of the trial. Accordingly, the scope of the new trial is limited to the issue of damages (compensatory, punitive, and attorney fees) on Ms. Byrd's trespass and assault counterclaims. *See Mast* at 541-542.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT REDUCING [MS.] BYRD'S REQUESTED ATTORNEY FEES BECAUSE THE TRIAL COURT'S AWARD OF ATTORNEY FEES WAS UNREASONABLE.

{¶30} In their second assignment of error, the Catalanottos argue Ms. Byrd's attorney fees were unreasonable and the trial court erred by failing to reduce the attorney fees award. In light of this Court's resolution of the first assignment of error, this Court declines to address the Catalanottos' second assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

III.

{¶31} The Catalanottos' first assignment of error is sustained. This Court declines to address the Catalanottos' second assignment of error as it has been rendered moot. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for a new trial on damages as to Ms. Byrd's counterclaims for trespass and assault against John and Rita Catalanotto.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

J. REID YODER and BENJAMIN R. SORBER, Attorneys at Law, for Appellants.

PAUL F. ADAMSON, Attorney at Law, for Appellee.