[Cite as *Marquez v. Jackson*, 2018-Ohio-346.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

LUCIA T. MARQUEZ

    Appellee

    v.

JAMES M. JACKSON, et al.

    Appellant

C.A. No.    16CA011049


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    99CV122597

DECISION AND JOURNAL ENTRY

Dated: January 29, 2018

SCHAFER, Presiding Judge.

{¶1}    Defendant-Appellant James M. Jackson appeals from the judgment entered by the Lorain County Court of Common Pleas, which granted Plaintiff-Appellee Lucia T. Marquez's motion for a new trial. We affirm.

I.

{¶2}    This matter arises from an automobile accident on April 5, 1997. On January 29, 1999, Ms. Marquez filed suit against Mr. Jackson alleging negligence. Mr. Jackson stipulated that his negligence caused the accident, and the case proceeded to trial before a jury on October 20, 2004.

{¶3}    During trial, Ms. Marquez presented the testimony of her treating physician and the testimony of a neurosurgeon. Ms. Marquez and her mother also testified. The testimony of Ms. Marquez's witnesses established that her out of pocket medical expenses were upwards of

$67,000 at the time of trial. Her damages included bills from her emergency room visit, bills from her therapy treatment, and bills from the physicians who treated her after the accident.

{¶4} In presenting his case, Mr. Jackson relied upon the report of Dr. Duret S. Smith. Dr. Smith's report concluded that Ms. Marquez's pain was due to an ailment unrelated to the automobile accident. Although Dr. Smith did not testify, the trial judge admitted his report into evidence.

{¶5} After the trial concluded, the jury returned a verdict on October 22, 2004, in favor of Ms. Marquez in the amount of $500. Ms. Marquez moved the court for new trial on November 3, 2004. Following a hearing, on December 15, 2004, the trial court granted Ms. Marquez's motion.

{¶6} Mr. Jackson appealed the trial court's judgment, raising one assignment of error. He argued that the trial court abused its discretion by granting the motion for a new trial without providing sufficient rationale for its decision. On April 26, 2006, we reversed the trial court's decision because the trial court's order failed to articulate any reasons for granting a new trial pursuant to Civ.R. 59(A)(6). *See Marquez v. Jackson*, 9th Dist. Lorain No. 05CA008636, 2006-Ohio-2043 ("*Marquez I*"). Prior to remanding the case back to the trial court for proceedings consistent with our opinion, we noted:

> We make no determination regarding whether the granting by the trial court of Appellee's motion for a new trial is appropriate. Our holding is limited to a determination that the trial court failed to set forth specific rationale in support of its order.

*Marquez I* at fn. 2

{¶7} Upon remand, the trial court again issued a judgment entry on August 2, 2006 ordering a new trial. This time, the trial court relied on Civ.R. 59(A)(1), and included some analysis in its decision. Mr. Jackson again appealed the trial court's order and assigned as error

that the trial court acted arbitrarily and unreasonably in granting a new trial following a jury verdict that awarded Ms. Marquez $500 in damages. Upon review, the majority again sustained the assignment of error, concluding that "the trial court did not provide any rationale in support of its decision to grant a new trial based on an irregularity in the proceedings[.]" *Marquez v. Jackson*, 9th Dist. Lorain No. 06CA009002, 2007-Ohio-3299, ¶ 14 ("*Marquez II*") (Carr, J., dissenting, disagreeing with the majority decision to reverse and expressing that the trial court sufficiently articulated its basis for granting a new trial). On June 29, 2007, we remanded the matter for proceedings consistent with our opinion, again with the caveat that our holding was limited to a determination that trial court failed to support its decision with sufficient rationale. *Marquez II* at fn. 2.

{¶8} Subsequent to the June 2007 remand, the case remained inactive in the trial court for nearly nine years. On March 21, 2016, Ms. Marquez filed a renewed motion for a new trial. Over Mr. Jackson's opposition, the trial court, for the third time in the history of these proceedings, decided that Ms. Marquez is entitled to a new trial. On October 31, 2016, the trial court entered an order granting a new trial on the grounds of Civ.R. 59(A)(1),(4), and (9).

{¶9} Mr. Jackson timely appealed the trial court's judgment, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court committed reversible error by granting a new trial in this matter.**

{¶10} Within this single assignment of error, Mr. Jackson presents three issues to support his claim that the trial court erred in granting a new trial. First, he contends "[t]he trial court failed to follow the mandate" of this Court when it ordered a new trial based on Civ.R.

59(A)(1),(4), and (9).  Second, Mr. Jackson asserts that the doctrine of laches bars a new trial.  In his third argument, Mr. Jackson claims the trial court erred in granting a new trial because the admission of Dr. Smith's report was harmless error.

{¶11}  Civ. R 59 states, in pertinent part:

(A) Grounds.  A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

* * *

(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

* * *

(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.

When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted.

* * *

The court may also grant a motion for a new trial, timely served by a party, for a reason not stated in the party's motion.  In such case the court shall give the parties notice and an opportunity to be heard on the matter.  The court shall specify the grounds for new trial in the order.

"Depending upon the basis of the motion for a new trial, this Court will review a trial court's decision to grant or deny the motion under either a de novo or an abuse of discretion standard of review."  *Calame v. Treece*, 9th Dist. Wayne No. 07CA0073, 2008-Ohio-4997, ¶ 13.  If the stated grounds for a new trial involves a question of law, the de novo standard of review applies.

*Catalanotto v. Byrd*, 9th Dist. Summit No. 28426, 2017-Ohio-7688, ¶ 7. If the basis for a new trial "involves the determination of an issue left to the trial court's discretion, the abuse of discretion standard applies." *Id.* quoting *Dragway 42, L.L.C. v. Kokosing Constr. Co., Inc.*, 9th Dist. Wayne No. 09CA0073, 2010-Ohio-4657, ¶ 32.

{¶12} Mr. Jackson included three distinct issues with a single assignment of error. The first two issues are procedural in nature, in that they challenge the propriety of the trial court's actions in ordering a new trial, while the third issue presents a more substantive argument regarding the merits of the trial court's decision. Accordingly, a single standard of review is not applicable to the various issues raised by Mr. Jackson. *See Catalanotto* at ¶ 7.

*Mandate of the court*

{¶13} Mr. Jackson argues that trial court went beyond the mandate of this Court's prior orders when it granted a new trial based on Civ.R. 59(A)(1),(4), and (9). He contends that the trial court was limited, after the first remand, to clarifying its reasons for granting a new trial pursuant to Civ.R 59(A)(6)—the basis stated in the court's initial order granting a new trial. Mr. Jackson argues that the doctrine of law of the case precluded the trial court from expanding the scope of its review and ordering a new trial based on other Civ.R. 59(A) grounds.

{¶14} "The doctrine of the law of the case * * * establishes that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Parker v. Red Roof Inn*, 9th Dist. Summit No. 28489, 2017-Ohio-7595, ¶ 15, quoting *Thomas v. Thomas*, 9th Dist. Summit No. 19828, 2000 Ohio App. LEXIS 5424, at *4-5 (Nov. 22, 2000). It is not within the discretion of an inferior court "to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). The purpose of this

doctrine, which is more of a rule of practice than a "binding substantive rule of law," is to ensure consistency within a case, "to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id*. at 3. "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." *Id*. Whether the law of the case doctrine applies in a particular situation presents a legal question, which we review de novo. *Neiswinter v. Nationwide Mut. Fire Ins. Co.*, 9th Dist. Summit No. 23648, 2008-Ohio-37, ¶ 9-10.

{¶15} In *Marquez I*, we reviewed the court's granting of a new trial under Civ.R. 59(A)(6), and reversed solely on the basis that trial court failed to provide sufficient rationale in support of its decision to permit meaningful appellate review. After the first remand, the trial court cited Civ.R. 59(A)(1) as the basis for granting the motion for a new trial. In *Marquez II*, the majority again determined that the trial court did not adequately support its reasoning for granting a new trial, though we did not take issue with the fact that the trial court reconsidered the Civ.R. 59(A) grounds for its decision. In each of the two prior appeals in this matter, we explicitly confined our decision to the conclusion that the trial court failed to sufficiently state its rationale for granting a new trial. *See Marquez I & Marquez II* at fn. 2. Our prior opinions did not address the merits of the lower court's decisions, determine the applicable law, or purport to limit the trial court's review to any particular Civ.R. 59(A) grounds.

{¶16} Upon remand from the second appeal, the trial court again ordered a new trial based on Civ.R. 59(A)(1), and went on to find that a new trial was warranted pursuant to Civ.R. 59(A)(4) and (9) as well. However, we have determined that our prior decisions in this matter did not establish any mandate that would preclude the trial court from modifying or expanding

its basis for granting a new trial. Accordingly, we conclude that the law of the case doctrine does not apply under these circumstances.

*Doctrine of Laches*

{¶17} Turning next to Mr. Jackson's laches argument, he asserts that Ms. Marquez is at fault for the delay and, "[a]s a result her claims must be barred by the doctrine of laches." Laches is an equitable doctrine, commonly invoked as an affirmative defense, where a party's inexcusable delay in asserting a claim causes undue detriment to the adverse party. *Connin v. Bailey*, 15 Ohio St.3d 34, 35 (1984). As such, the doctrine does not apply squarely upon the circumstances of this case. A party asserting the defense of laches must establish each of the following four elements: "(1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for such a delay, (3) knowledge-actual or constructive-of the injury or wrong, and (4) prejudice to the other party." *Sherck v. Bremke*, 9th Dist. Lorain No. 11CA010078, 2012-Ohio-3527, ¶ 26, quoting *Martin Marietta Magnesia Specialties, L.L.C. v. PUC of Ohio*, 129 Ohio St.3d 485, 2011-Ohio-4189, ¶ 45. The applicability of the doctrine of laches presents a factual question, which we review under an abuse of discretion standard. *Walker v. Walker*, 9th Dist. Summit No. 22827, 2006-Ohio-1179, ¶ 22. In view of that, we consider whether the trial court abused its discretion when it declined to find that the doctrine of laches barred the granting of a new trial.

{¶18} Undeniably, a substantial amount of time passed between our remand in June of 2007 and the trial court's order granting a new trial on October 31, 2016. In his brief, Mr. Jackson avers "there is no question that Ms. Marquez unreasonably delayed her assertion of a request for a new trial" by waiting several years after the case was remanded before seeking a further decision from the trial court. However, on remand we instructed the trial court to take

further action consistent with our opinion. Mr. Jackson has failed to establish that, at some point, the trial court's obligation to take further action fell to Ms. Marquez.

{¶19} Further, the reason for the delay and inactivity of the trial court is unclear, and remains vague even upon a thorough review of the record. The trial court acknowledged that this matter "inadvertently went unaddressed." The deputy clerk who assembled the record of the trial court for this appeal filed a "notice of missing items in record" stating that the "entire case has been missing for years." The attached docket sheet notes those items included in the record, indicates that numerous items remain unaccounted for, and states that the case was assigned to the visiting judge who presided over the trial and then reassigned to the original judge after the death of the visiting judge. The matter appears to have been lost in the shuffle, and we cannot conclude that the blame for the delay is attributable to any inaction on the part of Ms. Marquez.

{¶20} Additionally, Mr. Jackson claims that the lapse of time will result in prejudice if this case is permitted to proceed to trial. Mr. Jackson briefly cites to the difficulty that he assumes will be involved in locating witnesses and Ms. Marquez's medical records. This is a matter of uncontested liability, and, in the original trial, Mr. Jackson himself was the sole witness testifying in his case. Moreover, the burden to present medical records is on Ms. Marquez, so Mr. Jackson would not be prejudiced by any difficulty obtaining them. Mr. Jackson has not established that any foreseeable difficulties in obtaining evidence or locating witnesses will cause significant prejudice to him in a rehearing of this matter. We conclude that the trial court did not abuse its discretion when it rejected Mr. Jackson's argument that laches barred the granting of a new trial.

{¶21} Within his laches argument, Mr. Jackson inserts two alternative sub-issues. First, Mr. Jackson contends that the composition of the trial court—the judge and the staff—changed

over the years and, therefore, the current trial court was not in the best position to rule on the motion for a new trial. Mr. Jackson does not develop an argument with regard to this alleged issue, nor does he support his claim with any legal authority as required by App.R. 16(A)(7) and Loc.R. 7(B)(7). It is not the duty of this court to craft an argument on Mr. Jackson's behalf; when an appellant fails to support his assignment of error by citing to the record and pointing to case law to support the argument, this Court may disregard the argument in its entirety. *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 9. With respect to this this issue, we conclude that Mr. Jackson has not met his burden of demonstrating error by the trial court.

**{¶22}** In the second sub-issue, Mr. Jackson focuses on Civ.R. 41(B). He contends that the rule supports a "dismissal of Ms. Marquez's action for untimeliness" and suggests "a dismissal for failure to prosecute * * * bars Ms. Marquez from proceeding." To be clear, Mr. Jackson has assigned error only to the trial court's decision to grant a new trial. Civ.R. 41(B) provides for the dismissal of an action when the plaintiff fails to prosecute. Ms. Marquez commenced and prosecuted this action through to judgment, and the issues raised in this appeal relate only to the post-judgment proceedings. There is no indication in the record that Mr. Jackson ever moved for dismissal of this action, and he has failed to develop an argument or cite to any authority to support his claim that an alleged failure to prosecute can serve as a bar to a new trial. Thus, we conclude that Civ.R. 41(B) is wholly inapplicable in these circumstances, and Mr. Jackson has not demonstrated error by the trial court.

*Harmless Error*

**{¶23}** We next consider Mr. Jackson's argument that the admission of Dr. Smith's report was "harmless error" and such an error does not warrant a new trial in this matter. In

presenting his harmless error argument, Mr. Jackson does not specifically reference any of the Civ.R. 59(A) grounds upon which the trial court granted a new trial, nor does he challenge any particular finding of the trial court. However, he asserts that during the testimony of Ms. Marquez's expert, Dr. Lax, the jury heard him read and reference portions of Dr. Smith's report. Therefore, Mr. Jackson contends, the admission of Dr. Smith's report—for the jury to review in its entirety—was merely duplicative or cumulative of evidence already presented during the trial and does not warrant a new trial.

{¶24} Civ.R. 61 addresses harmless error, stating:

> No error in either the admission or the exclusion of evidence * * * is ground for granting a new trial * * *, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

"Among the reasons listed in Civ.R. 59(A), a new trial is warranted upon a finding of sufficient prejudicial error; that which prevents a fair trial." *Telxon Corp. v. Smart Media of Delaware, Inc.*, 9th Dist. Summit Nos. 22098, 22099, 2005-Ohio-4931, ¶ 14. Civ.R. 59(A)(1) permits a new trial based on an "* * * abuse of discretion, by which an aggrieved party was prevented from having a fair trial[.]" We review a trial court's granting of a new trial pursuant to Civ.R. 59(A)(1) for an abuse of discretion. *Texlon Corp.* at ¶ 13. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Under this standard of review, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, (1993).

{¶25} The trial court found that a new trial was warranted under Civ.R. 59(A)(1) because Dr. Smith's report was inadmissible hearsay, the trial judge abused his discretion by

improperly admitting the report into evidence, and the jury relied on the improperly admitted report resulting in a diminished damage award to Ms. Marquez. Mr. Jackson concedes that the report itself is "undoubtedly hearsay evidence[,]" and has not raised an issue as to the admissibility of the report. Therefore, our review is limited to whether the trial court abused its discretion when it determined that the admission of Dr. Smith's report prevented Ms. Marquez from having a fair trial.

{¶26} In its analysis, the trial court addressed the fact that, contrary to the rules of evidence and without being subjected to cross-examination, Dr. Smith's opinions were submitted to the jury for consideration. To assess the impact it might have on the jury, the trial court considered the contents of Dr. Smith's report and found that it contained opinions formulated by Dr. Smith for the purpose of evaluating the relationship of Ms. Marquez's injuries to the accident, as well as Dr. Smith's statements, quotations, and opinions attributable to other physicians who also did not testify at trial. Despite this, and over Ms. Marquez's objection, the trial judge improperly admitted this report into evidence and permitted it to go directly to the jury during their deliberations.

{¶27} Mr. Jackson cites to the deposition of Dr. Lax, claiming that the admission of the report was harmless because Dr. Lax read and introduced portions of Dr. Smith's report in his own testimony. However, Dr. Lax's deposition is missing from the record. This court's review is limited to the record on appeal, and it is well settled that it is the duty of the appellant to ensure that the complete record is provided. *Herhold v. Smith Land Co., LLC*, 9th Dist. Summit No. 28032, 2016-Ohio-4939, ¶ 22. "When the record is incomplete, this Court must presume regularity in the trial court's proceedings and affirm its decision." *Id*. quoting *Helms v. Gains*, 9th Dist. Summit No. 27616, 2015-Ohio-4000, ¶ 4. In any event, even Mr. Jackson does not aver

that the entirety of the report was read into the record, and the trial court found that any reference to Dr. Smith's report during the testimony of Dr. Lax was insufficient to open the door to allow inadmissible hearsay into evidence.

{¶28} Further, the trial court considered the jury's verdict, in light of the properly admitted testimony, to reach the conclusion that the improperly admitted evidence must have influenced the jury's award. The court reasoned that the testimony of Ms. Marquez's witnesses established the causal relationship of her injuries to the accident, and damages attributable to the accident in an amount far exceeding the $500.00 jury award. Accordingly, the court determined that the diminished damages award confirms that the jury clearly considered and relied on this inadmissible hearsay report. It was, therefore, reasonable for the trial court to find that Ms. Marquez was prevented from having a fair trial.

{¶29} After a thorough review of the available portions of the incomplete record, we find no showing that the trial court's decision was unreasonable, arbitrary, or unconscionable. The trial court did not abuse its discretion when it granted a new trial under Civ.R. 59(A)(1). Because we determined that the trial court did not abuse its discretion when it granted a new trial under the independent grounds of Civ.R. 59(A)(1), we need not consider the court's ruling under Civ.R. 59(A)(4) or (9).

{¶30} Mr. Jackson's assignment of error is overruled.

III.

{¶31} Mr. Jackson's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas granting a new trial is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DAVID P. STADLER and PAUL R. MORWAY, Attorneys at Law, for Appellant.

GREGORY S. SCOTT, Attorney at Law, for Appellee.