SIEMASZKO, Appellant,

v.

FIRSTENERGY NUCLEAR OPERATING COMPANY (FENOC), Appellee.

[Cite as *Siemaszko v. FirstEnergy Nuclear Operating Co.*, 187 Ohio App.3d 437, 2010-Ohio-2121.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT-09-027.

Decided May 14, 2010.

438

Richard M. Kerger and Kimberly A. Conklin, for appellant.

Denise M. Hasbrook and Emily Ciecka Wilcheck, for appellee.

HANDWORK, Judge.

{¶ 1} This appeal is from the August 13, 2009 judgment of the Ottawa County Court of Common Pleas, which dismissed the complaint filed by appellant, Andrew J. Siemaszko. Upon consideration of the assignments of error, we affirm in part and reverse in part the decision of the lower court. Appellant asserts the following assignments of error on appeal:

{¶ 2} "1. The Trial Court Abused its Discretion in Denying Appellant's Motion to Amend the Complaint.

{¶ 3} "2. The Trial Court Erred in Granting Appellee's Motion to Dismiss."

{¶ 4} In December 2008, Siemaszko brought suit against "First Energy Operating Company," alleging that Siemaszko, a resident of Ottawa County, Ohio, was an employee of FirstEnergy Nuclear Operating Company, a Delaware company that provides electricity and power throughout Ohio and has its principal place of business in Akron, Ohio. Siemaszko asserted claims of relief for wrongful termination and breach of contract.

{¶ 5} FirstEnergy Nuclear Operating Company ("FirstEnergy"), moved to dismiss the complaint pursuant to Civ.R. 12(B)(6), asserting that Siemaszko failed to comply with R.C. 4113.52 and the strict procedures and timelines for asserting a claim of wrongful discharge under Ohio's whistleblower statute. Furthermore, FirstEnergy asserts that Siemaszko failed to assert a claim for breach of contract because there was no consideration for the contract. Instead, FirstEnergy argues, the offer of the assistance of counsel was a gratuitous promise.

{¶ 6} Before the court ruled on FirstEnergy's motion to dismiss, Siemaszko moved to amend his complaint to add a claim of indemnification regarding his legal fees and expenses incurred in defending against federal criminal charges involving Davis–Besse. FirstEnergy opposed the motion. The trial court denied the motion on April 2, 2009, and affirmed its holding in a May 29, 2009 judgment after considering Siemaszko's motion for reconsideration.

{¶ 7} On August 13, 2009, the trial court granted FirstEnergy's motion to dismiss the complaint. Siemaszko then sought an appeal from the August 13, 2009 decision.

■ {¶ 8} We begin by addressing a preliminary issue raised by FirstEnergy. FirstEnergy argues that we cannot address Siemaszko's first assignment of error concerning the denial of his motion to amend his complaint since he did not indicate in his notice of appeal that he was seeking an appeal of the April 2, 2009 judgment when he appealed from the final judgment entry or the May 29, 2009 judgment denying Siemaszko's motion for reconsideration.

{¶ 9} While App.R. 3(D) provides that appellant must include in the notice of appeal reference to the order from which the appeal is taken, appellant need not refer to every interlocutory order he wishes to challenge. Interlocutory orders are merged into the final judgment and can be appealed as part of the final judgment. *Accu–Check Instrument Serv., Inc. v. Sunbelt Business Advisors of Cent. Ohio*, 10th Dist. Nos. 09AP–505 and 09AP–506, 2009-Ohio-6849, 2009 WL 5064061, ¶ 23; *Aber v. Vilamoura, Inc.*, 184 Ohio App.3d 658, 2009-Ohio-3364, 922 N.E.2d 236, ¶ 7; and *Kanu v. George Dev., Inc.*, 6th Dist. Nos. L–02–1140 and L–02–1139, 2002-Ohio-6356, 2002 WL 31630745, ¶ 21. A denial of a motion to amend a complaint would be a final judgment if the trial court included Civ.R. 54(B) "no just reason for delay" language. *Germ v. Fuerst*, 11th Dist. No. 2003–L–116, 2003-Ohio-6241, 2003 WL 22764564, ¶ 7. However, without that language, the order remains an interlocutory order until the final judgment in the case is entered. Therefore, appellant did not need to separately refer to the April 2 or May 29, 2009 judgments in his notice of appeal.

{¶ 10} In his first assignment of error, Siemaszko argued that the trial court erred when it denied his motion to amend his complaint to add an additional cause of action. Siemaszko clearly set forth in his motion that the need for the amendment was to add a claim for indemnification because he had received notice of a denial of his request for indemnification from FirstEnergy. While there is no proposed amended complaint in the record, Siemaszko indicated in his motion that a copy was attached, and the court referred to the proposed amended complaint in its April 2, 2009 order.

{¶ 11} FirstEnergy opposed the motion to amend the complaint on the ground that the claim was frivolous and improper. FirstEnergy argues that there is no basis for finding that it was obligated to indemnify Siemaszko; the issue involves federal law and therefore the trial court lacked jurisdiction over the issue; and the federal court is the more appropriate forum for resolution of such issue.

{¶ 12} On April 2, 2009, the court denied the motion to amend the complaint by merely finding FirstEnergy's objections well taken. Siemaszko moved for reconsideration, arguing that the motion for leave should have been allowed because no responsive pleading had yet been filed. The court denied the motion finding no amended complaint had been proffered and that once Siemaszko asked for leave, the court was entitled to deny it. Furthermore, the court also concluded that even if the court had allowed the amended complaint to be filed, it would have been dismissed because the new claim for indemnification had no basis under R.C. 1702.13, the issue involved federal law and therefore the trial court lacked jurisdiction over the issue, and the federal court is the more appropriate forum for resolution of such an issue.

{¶ 13} Civ.R. 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."

{¶ 14} Pursuant to the rule, Siemaszko was not required to seek leave to file his amended complaint. The fact that he did should not alter the outcome in this case. Once the court determined that the motion was timely filed and should be automatically granted, the trial court erred as a matter of law by not granting the motion. Siemaszko's first assignment of error is well taken.

{¶ 15} In his second assignment of error, Siemaszko argues that the trial court erred by dismissing both counts of his original complaint by finding that each of the claims lacked a colorable basis.

{¶ 16} Rulings on motions to dismiss filed pursuant to Civ.R. 12(B)(6) are reviewed under a de novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4–5. We must determine whether the complaint sets forth facts that are sufficient to state a claim for relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus, and *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, reconsideration denied 110 Ohio St.3d 1444, 2006-Ohio-3862, 852 N.E.2d 191. The court must accept all factual allegations in the complaint as true and construe all reasonable inferences in plaintiff's favor. *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11.

{¶ 17} Siemaszko asserts that his first claim for relief is a common-law tort action for wrongful termination in violation of public policy based upon *Pytlinski v. Brocar Prods., Inc.* (2002), 94 Ohio St.3d 77, 760 N.E.2d 385, syllabus; *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 677 N.E.2d 308, syllabus, certiorari denied (1997), 522 U.S. 1008, 118 S.Ct. 586, 139 L.Ed.2d 423; *Painter v. Graley* (1994), 70 Ohio St.3d 377, 383, 639 N.E.2d 51; and *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. In his complaint, Siemaszko asserted that his employment had been terminated because he "conducted himself as a 'whistleblower' within the meaning of the Ohio statutes and case law providing protections to such persons. Accordingly, defendant's conduct violates the laws of Ohio * * *."

{¶ 18} FirstEnergy argued in its motion to dismiss the complaint that Siemaszko failed to comply with the strict procedures and timelines for asserting a claim of wrongful discharge under R.C. 4113.52, Ohio's whistle-blower statute. Siemaszko argued in his memorandum in opposition that he had asserted a claim for wrongful termination based upon the common-law tort. In its renewed motion to dismiss, FirstEnergy argued that Siemaszko did not state a proper cause of action for a common-law wrongful termination because he had not complied with the requirements of the whistle-blower statute. FirstEnergy relies upon *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244, 652 N.E.2d 940.

{¶ 19} We agree with FirstEnergy. "R.C. 4113.52(A)(1) protects an employee for reporting certain information to outside authorities only if the following requirements have first been satisfied: (1) the employee provided the required oral notification to the employee's supervisor or other responsible officer of the employer, (2) the employee filed a written report with the supervisor or other responsible officer, and (3) the employer failed to correct the violation or to make a reasonable and good faith effort to correct the violation." *Kulch,* 78 Ohio St.3d at 142, 677 N.E.2d 308, and *Contreras,* 73 Ohio St.3d at 248, 652 N.E.2d 940. A common-law cause of action for wrongful discharge based upon the federal or state whistle-blower statute is limited because the plaintiff must strictly comply with the requirements of the statute in order to constitute an employee who was wrongfully discharged. *Kulch* at 151–152 and *Contreras* at 250–251. R.C. 4113.52 provides only a limited cause of action. *Kulch* at 152.

{¶ 20} Appellant cites *Pytlinski,* 94 Ohio St.3d 77, 760 N.E.2d 385, paragraphs one and two of the syllabus, to support his argument that the Ohio Supreme Court has clearly indicated that the employee need not comply with the requirements of the statute in order to proceed with his common-law tort action. *Pytlinski* at 80, quoting *Kulch* at 161. Appellant's reliance on this case is misplaced. The *Pytlinski* case involves a violation of the Occupational Safety and Health Administration ("OSHA") regulations, not the whistle-blower statute. See *Kulch* at 152–153 (which involved both violations of OSHA and the whistleblower statute).

{¶ 21} Thus, we conclude that Siemaszko could not maintain a common-law cause of action for wrongful discharge unless he complied with the requirements of R.C. 4113.52 and that it was necessary for Siemaszko to assert such compliance within his complaint, which he did not.

{¶ 22} Siemaszko asserts that he should have been able to conduct discovery in order to uncover evidence needed to prove his case. He relies upon *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378. While Siemaszko was not required to allege in his complaint every fact he intended to prove, since many of the facts are not available until after

discovery, he was required to allege a set of facts that would support a claim for relief. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5. Siemaszko failed to allege the necessary facts to support a claim for relief under the common-law action of wrongful termination. Therefore, we conclude that his first claim for relief was properly dismissed.

{¶ 23} Siemaszko's second claim for relief is breach of contract. He alleges that FirstEnergy promised to pay for his legal representation during a government investigation in exchange for his cooperation with FirstEnergy to present one united defense during the investigation and that FirstEnergy later refused to honor that promise. The prima facie elements of a breach-of-contract action are: " ' "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." ' " *Firelands Regional Med. Ctr. v. Jeavons*, 6th Dist. No. E–07–068, 2008-Ohio-5031, 2008 WL 4408600, ¶ 19, quoting *Nilavar v. Osborn* (2000), 137 Ohio App.3d 469, 483, 738 N.E.2d 1271, quoting *Doner v. Snapp* (1994), 98 Ohio App.3d 597, 600, 649 N.E.2d 42. To assert a claim that a contract existed, a plaintiff must allege facts showing an offer and an acceptance and a meeting of the minds, which is supported by consideration. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16, reconsideration denied, 96 Ohio St.3d 1489, 2002-Ohio-4478, 774 N.E.2d 764. The consideration for a contract can be the mutual exchange of a "promise to perform given in exchange for the promise of the other to perform." *Union Sav. Bank v. White Family Cos., Inc.*, 183 Ohio App.3d 174, 2009-Ohio-2075, 916 N.E.2d 816, ¶ 19. If one party to the contract fails to perform as promised, then there is a failure of consideration, and the other party need not perform his promise. *Comstock Homes, Inc. v. Smith Family Trust*, 9th Dist. No. 24627, 2009-Ohio-4864, 2009 WL 2952776, ¶ 8.

{¶ 24} FirstEnergy challenged that Siemaszko did not assert any factual allegations to support a finding of consideration. It asserts that Siemaszko promised only to cooperate with the federal investigation of the Davis–Besse plant and to tell the truth, which was his legal obligation. Siemaszko argues that he did allege consideration when he alleged that FirstEnergy promised to pay for his representation if he would cooperate with FirstEnergy in the investigation and follow its lead. We find that Siemaszko did promise to do something that he was not legally obligated to do. Therefore, we find that there was a sufficient allegation of consideration to defeat a Civ.R. 12(B)(6) motion.

{¶ 25} Siemaszko's second assignment of error is well taken in part and not well taken in part.

{¶ 26} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Ottawa County Court of Common Pleas is reversed in part and affirmed in part.

The judgment is reversed as to the dismissal of Siemaszko's breach-of-contract claim and the denial of his motion to amend his complaint to add a claim for indemnification. In all other respects, the judgment is affirmed. Appellant and appellee are hereby ordered to equally share the costs of this appeal pursuant to App.R. 24.

Judgment affirmed in part
and reversed in part.

SINGER and COSME, JJ., concur.