[Cite as *Lehmier v. W. Res. Chem. Corp.*, 2019-Ohio-4245.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

ANNMARIE LEHMIER

    Appellant

    v.

WESTERN RESERVE CHEMICAL
CORP., et al.

    Appellee

C.A. No.     29297

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-09-3832

DECISION AND JOURNAL ENTRY

Dated: October 16, 2019

HENSAL, Judge.

{¶1} Annmarie Lehmier appeals from the decisions of the Summit County Court of Common Pleas, denying her motion to amend her complaint, and granting summary judgment in favor of Western Reserve Chemical Corporation (the "Company"), Ronald Anderson, and Tony Hall (collectively, "Western Reserve Chemical"). This Court reverses.

I.

{¶2} This is the second appeal of this matter. This Court previously set forth the factual background as follows:

Western Reserve Chemical Corporation ("the Company") manufactures and supplies chemicals to the rubber and polymer industries. The Company had four account managers: Mr. Anderson, who was also the president of the Company; Mr. Hall, who was also the vice-president of business development; Ms. Lehmier; and D.K. Mr. Hall was Ms. Lehmier's direct supervisor. Ms. Lehmier was the only female account manager. The Company hired D.R., a male, to replace Ms. Lehmier after her termination.

Ms. Lehmier was hired in March 2015 as an account manager for the Company. Ms. Lehmier's job duties included marketing the Company's products to existing customers and developing new customers in her assigned territories, which included Ohio, Michigan, Wisconsin, Minnesota, New York, and Vermont. Account managers, including Ms. Lehmier, were required to travel to meet with existing and new customers.

During her employment, Ms. Lehmier perceived that she was subject to multiple instances of discrimination based upon her gender. For instance, Ms. Lehmier was assigned to an office away from the other account managers, she did not receive a company car on her first day of employment, she did not receive adequate training and mentoring from Mr. Hall, she was assigned a less productive customer base, she was required to work at a booth instead of networking throughout the area at a conference, colleagues outside of the Company were discouraged from helping her, Mr. Hall was not supportive of her efforts and progress with customers, and Mr. Hall sabotaged her sales by denying her access to product in stock. Additionally, Ms. Lehmier believed that the travel policy implemented in January 2016 was discriminatory because only she was required to comply with the policy and the policy required her to use hotels that were "unsafe" and "dumps," thereby interfering with her ability to perform her job duties.

In mid-January, Mr. Hall instructed Ms. Lehmier and her co-worker, D.K., to prepare a presentation regarding their respective sales, "a list of prospects[,] and a plan of action for sales and sales growth heading into 2016." The purpose of the presentation was to gather information from the account managers who were in the field regarding what business "was in the pipeline" in order to budget and prepare for the 2016 fiscal year. The presentation also allowed Mr. Hall and Mr. Anderson to assess whether Ms. Lehmier had plans to travel to develop new customers.

* * *

Ms. Lehmier met with Mr. Anderson on Thursday, February 11, 2016, to discuss Mr. Hall's conduct toward her and her job performance. During the conversation, Mr. Anderson made two comments in response to Ms. Lehmier's complaints and her performance concerns: he suggested she "'grow a pair'" and "'wear shorter skirts because everyone likes to chase skirts.'"

The next day, Ms. Lehmier and her co-worker, D.K., gave separate presentations to Mr. Hall, Mr. Anderson, the controller, and a customer service representative of the Company regarding their sales. Ms. Lehmier's presentation was based on her "account base – how well [she] did in 2015, how much [she] grew the accounts, growth opportunities, [and] threats." Ms. Lehmier's presentation was limited to an analysis of her sales in 2015 and did not address any plans for sales growth or travel to engage new customers in 2016. Immediately after her

presentation, Mr. Anderson told Ms. Lehmier she "did a great job." Mr. Anderson also told the customer service representative that Ms. Lehmier had done "'a great job and [he was] proud of her.'" Based on Mr. Anderson's "praise[ ]" and the figures she showcased in the presentation, Ms. Lehmier believed she was performing her job well.

Later that day, Mr. Hall and Mr. Anderson discussed Ms. Lehmier's failure to travel and lack of strategy to engage new customers. They decided to terminate Ms. Lehmier.

On the Monday after the presentation, Mr. Hall and Ms. Lehmier discussed her presentation and job performance. While Ms. Lehmier felt she was doing a good job, Mr. Hall disagreed and told her she was not cut out for sales. In response to Mr. Hall's criticisms, Ms. Lehmier complained to him about the "offensive comments" Mr. Anderson made to her a few days earlier.

The next day, Ms. Lehmier discussed Mr. Anderson's "offensive comments" with the Company's controller. Ms. Lehmier learned later that day that she was going to be fired on Friday. Ms. Lehmier, however, did not come to work on Friday and was terminated the following week.

(Alterations sic.) *Lehmier v. Western Res. Chem. Corp.*, 9th Dist. Summit No. 28776, 2018-Ohio-3351, ¶ 2-5, 7-11.

{¶3} Ms. Lehmier then:

filed a complaint against Western Reserve Chemical, asserting claims of gender discrimination, retaliation, intentional infliction of emotional distress, defamation, and hostile work environment. Following discovery, Western Reserve Chemical moved for summary judgment as to each of Ms. Lehmier's five causes of action. The parties fully briefed the summary judgment issues. The trial court granted summary judgment in favor of Western Reserve Chemical and against Ms. Lehmier as to all five causes action.

*Id.* at ¶ 12. Ms. Lehmier appealed the trial court's grant of summary judgment on her claims for gender discrimination and retaliation only. *Id.* at ¶ 13. Regarding her claim for gender discrimination, Ms. Lehmier argued that the trial court erred by: (1) concluding that she failed to establish a genuine issue of material fact regarding whether Western Reserve Chemical's proffered reason for her termination was a pretext for discrimination; and (2) failing to consider her claims for discriminatory treatment during the course of her employment. *Id.* at ¶ 14, 40.

This Court upheld the trial court's decision that Ms. Lehmier failed to establish a genuine issue of material fact as to whether Western Reserve Chemical's proffered reason for her termination was pretext for gender discrimination. *Id.* at ¶ 38. Regarding her claim for discriminatory treatment during the course of her employment, this Court explained that "Ms. Lehmier is arguing that the other discriminatory acts did not culminate in her termination, but instead generated other adverse employment actions related to the terms, conditions, or privileges of her employment." *Id.* at ¶ 42. We rejected her argument in this regard, concluding that:

> [t]here are no facts or allegations in the complaint that these other discriminatory acts had any other effect except termination. Because Ms. Lehmier only pled termination as the manner in which the terms, conditions, or privileges of employment was affected, it was proper for Western Reserve Chemical to move for summary judgment and the trial court to decide gender discrimination based upon termination and not the other alleged discriminatory acts.

*Id.* at ¶ 43.

{¶4} Regarding her claim for retaliation, Ms. Lehmier argued that the trial court erred by granting summary judgment because genuine issues of material fact existed as to pretext. *Id.* at ¶ 45. This Court agreed that the trial court erred, but for a different reason. *Id.* Specifically, this Court noted that Western Reserve Chemical moved for summary judgment on Ms. Lehmier's retaliation claim based upon the lack of a causal connection between the protected activity (i.e., reporting Mr. Anderson's offensive comments) and the adverse action (i.e., being terminated). *Id.* at ¶ 47. Yet the trial court based its decision on this claim on Ms. Lehmier's failure to demonstrate pretext, which Western Reserve Chemical did not argue in its summary-judgment briefing. *Id.* at ¶ 48. This Court, therefore, held that the trial court erred by granting summary judgment to Western Reserve Chemical on Ms. Lehmier's claim for retaliation based upon an issue that Western Reserve Chemical did not raise in its summary-judgment briefing.

*Id.* at ¶ 47-49. We sustained that portion of Ms. Lehmier's appeal, ultimately affirming in part, and reversing in part. *Id.* at ¶ 51.

{¶5} On remand, Ms. Lehmier moved for leave to amend her complaint, attaching her proposed amended complaint and asserting that it clarified her distinct claim for discrimination based upon the terms of her employment (i.e., not based upon her termination), which – she asserted – was supported by the same facts originally pleaded in the complaint. Western Reserve Chemical opposed her motion on the basis of the law-of-the-case doctrine, asserting that this Court already concluded that "[t]here are no facts or allegations in the complaint that these other discriminatory acts had any other effect except termination." *Id.* at ¶ 43. Western Reserve Chemical also cited case law for the proposition that, once an appellate court affirms the trial court's decision with respect to a summary-judgment motion, it is proper for the trial court to deny the losing party's motion to amend its complaint filed thereafter. The trial court agreed, reasoning that Ms. Lehmier "cannot now seek to raise facts or issues which could have been raised in the original Complaint[,]" and that if she "disagreed with the decision made by the Court of Appeals, her remedy was to appeal that decision."

{¶6} Then, having been granted leave to do so, Western Reserve Chemical filed a second motion for summary judgment on Ms. Lehmier's claim for retaliation, which the trial court granted. In doing so, the trial court held that Ms. Lehmier failed to show that a genuine issue of material fact existed as to the causal connection between her reporting of Mr. Anderson's offensive comments and being terminated. The trial court alternatively held that, even if Ms. Lehmier had established that a genuine issue of material fact existed in that regard, this Court has already determined that Ms. Lehmier failed to establish that Western Reserve Chemical's proffered reason for her termination was a pretext for discrimination. It

acknowledged, however, that this Court made that determination in the context of Ms. Lehmier's gender-discrimination claim, but found "no reason why that ruling does not equally apply to the retaliation claim."

**{¶7}** Ms. Lehmier now appeals, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT APPLIED THE DOCTRINE OF "LAW OF THE CASE" TO DENY APPELLANT'S MOTION TO AMEND ITS COMPLAINT.

**{¶8}** In her first assignment of error, Ms. Lehmier argues that the trial court erred by applying the law-of-the-case doctrine to deny her motion for leave to amend her complaint. We agree.

**{¶9}** Civil Rule 15(A) governs amendments to pleadings and provides that the trial court "shall freely give leave when justice so requires." *But see Current Source, Inc. v. Elyria City School Dist.*, 157 Ohio App.3d 765, 2004-Ohio-3422, ¶ 12 (9th Dist.), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "leave of court should not be freely given when the futility of the amendment is apparent in the case and the trial court has made reference to that justifiable reason in its denial of the amendment request."). This Court reviews a trial court's decision in this regard for an abuse of discretion, determining whether the trial court's attitude was "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *Current Source, Inc.* at ¶ 10. That said, "[w]hether the law of the case doctrine applies in a particular situation presents a legal question, which we review de novo." *Marquez v. Jackson*, 9th Dist. Lorain No. 16CA011049, 2018-Ohio-346, ¶ 14.

{¶10} The law-of-the-case doctrine, which the trial court solely relied upon, "limits the ability of a trial court to rule in a way that is inconsistent with a decision of a reviewing court in the same case, and 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Archer v. Dunton*, 9th Dist. Summit No. 29091, 2019-Ohio-1971, ¶ 17, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). As previously noted, in her first appeal, "Ms. Lehmier argue[d] that the trial court erred in granting summary judgment on her gender discrimination claim because it only considered her termination and not her allegations of other discriminatory acts." *Lehmier*, 2018-Ohio-3351, at ¶ 40. This Court reviewed her complaint and determined that there were "no facts or allegations in the complaint that these other discriminatory acts had any other effect except termination." *Lehmier* at ¶ 43. We, therefore, rejected Ms. Lehmier's argument in that regard. *Id.* On remand, Ms. Lehmier sought to "clarif[y]" her complaint. She moved for leave to amend her complaint, seeking to add a new cause of action for discrimination based upon "Terms and Conditions of Employment[,]" which, she asserted, was "supported by the same facts originally pleaded in the Complaint."

{¶11} On appeal, Ms. Lehmier argues that her motion for leave to amend her complaint was an attempt to remedy the deficiencies in her complaint that led to this Court's determination that she did not sufficiently plead discrimination based upon other discriminatory acts. She argues that the trial court erroneously applied the law-of-the-case doctrine to deny her motion because the issue presented to the trial court (i.e., whether to grant her motion for leave to amend her complaint) was different from the issue decided on appeal (i.e., that she did not sufficiently plead a cause of action for discriminatory acts other than her termination). We agree.

{¶12} This Court's prior decision noted certain deficiencies in Ms. Lehmier's complaint, and Ms. Lehmier sought to amend her complaint to remedy those deficiencies. Allowing her to do so would not have been inconsistent with this Court's prior decision. *See Archer*, 2019-Ohio-1971, at ¶ 17; *compare American Mfrs. Mut. Ins. Co. v. Midland Ross Corp.*, 11th Dist. Portage No. 90-P-2202, 1991 WL 147418, *2-3 (holding that the trial court properly denied a motion to amend the complaint when all of the allegations in the original complaint were disposed of by summary judgment, which was affirmed on appeal). Whether other grounds existed to justify the trial court's denial of her motion (as Western Reserve Chemical argues on appeal) is not an issue this Court will address in the first instance. *Rubber City Arches Graham, L.L.C. v. Joe Sharma Properties*, *L.L.C.*, 9th Dist. Summit No. 26557, 2013-Ohio-1773, ¶ 8 ("[T]his Court will not consider issues in the first instance."). Because the trial court erroneously relied upon the law-of-the case doctrine, we sustain Ms. Lehmier's first assignment of error. *See Nguyen v. Coy*, 9th Dist. Summit No. 28308, 2017-Ohio-4164, ¶ 7 (noting that a misapplication of the law results in an abuse of discretion);

ASSIGNMENT OF ERROR II

THE TRIAL COURT ACTED AS TRIER OF FACT AND ERRONEOUSLY CONCLUDED THAT NO GENUINE ISSUES OF FACT REMAINED ON APPELLANT'S CLAIM OF RETALIATORY DISCHARGE.

{¶13} In her second assignment of error, Ms. Lehmier argues that the trial court erred by determining that no genuine issue of material fact remained as to her claim for retaliatory discharge. We agree.

{¶14} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civil Rule 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 327 (1977).

**{¶15}** The party moving for summary judgment bears the initial burden of demonstrating the absence of genuine issues of material facts concerning the essential elements of the non-moving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civil Rule 56(C). *Id*. at 292-293. If the moving party satisfies this burden, then the non-moving party has the reciprocal burden to demonstrate a genuine issue for trial remains. *Id.* at 293. The non-moving party may not rest upon the mere allegations or denials in her pleadings, but must point to or submit evidence of the type specified in Civil Rule 56(C). *Id*. at 293; Civ.R. 56(E).

**{¶16}** To establish a prima facie case of retaliation:

a claimant must prove that (1) she engaged in a protected activity, (2) the defending party was aware that the claimant had engaged in that activity, (3) the defending party took an adverse employment action against the employee, and (4) there is a causal connection between the protected activity and adverse action.

*Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, ¶ 13. "If a complainant establishes a prima facie case, the burden then shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for its actions." *Id.* at ¶ 14, quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "If the employer satisfies this burden, the burden shifts back to the complainant to demonstrate 'that the proffered reason was not the true reason for the employment decision.'" *Id.*, quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

{¶17} The only element of a prima-facie case of retaliation that is relevant to this appeal is the causal connection between the protected activity and the adverse employment action. In order to establish a causal connection, "a plaintiff must produce evidence which permits the inference that apart from the protected activity, the adverse action would not have been taken." *Price v. Matco Tools*, 9th Dist. Summit No. 23583, 2007-Ohio-5116, ¶ 39. A plaintiff can do this by presenting evidence relating to the surrounding circumstances, as well as evidence relating to the temporal proximity between the protected activity and the adverse action, although the latter – standing alone – is not sufficient. *Lindsay v. Children's Hosp. Med. Ctr. of Akron*, 9th Dist. Summit No. 24114, 2009-Ohio-1216, ¶ 13, quoting *Price* at ¶ 39.

{¶18} In granting Western Reserve Chemical's second motion for summary judgment, the trial court noted that Ms. Lehmier relied upon the timing of her reporting of Mr. Anderson's offensive comments in relation to her termination, and her own affidavit. It then cited case law for the proposition that self-serving statements, standing alone, cannot defeat a summary-judgment motion. It, therefore, concluded that Ms. Lehmier failed to establish a genuine issue of material fact as to whether a causal connection existed between the protected activity and adverse employment action.

{¶19} As Ms. Lehmier points out, the trial court's order fails to mention that Ms. Lehmier also relied upon the affidavit of the customer service representative who averred that Mr. Anderson told her that Ms. Lehmier did a great job during her presentation, and that he was not planning on firing her. Thus, contrary to the trial court's finding, Ms. Lehmier relied upon more than her own statements and the temporal proximity between the protected activity and the adverse employment action. Simply put, Ms. Lehmier presented evidence indicating that she performed well during her presentation, that Mr. Anderson was proud of her, that Mr. Anderson

had no intention of firing her, and that it was not until she reported Mr. Anderson's offensive comments that Western Reserve Chemical decided to fire her. Viewing the evidence in a light most favorable to Ms. Lehmier, we conclude that she met her burden of demonstrating that a causal connection existed for purposes of establishing a prima-facie case of retaliation. We, therefore, reject the trial court's ruling in that regard.

{¶20} The trial court's analysis, however, did not end there. The trial court also concluded that, even if Ms. Lehmier did establish that a genuine issue of material fact existed as to the causal connection, this Court has already determined that she failed to establish a genuine issue of material fact as to whether Western Reserve Chemical's proffered reason for her termination was a pretext. This misconstrues and improperly extrapolates our prior holding. While this Court did ultimately determine that Ms. Lehmier failed to establish that Western Reserve Chemical's proffered reason for her termination was a pretext for gender discrimination, we did so based upon the fact that a plaintiff cannot establish pretext unless the plaintiff shows: (1) that the proffered reason for the termination was false; and (2) that gender discrimination was the real reason for the termination. *Lehmier* at ¶ 21-38. We determined that "there remains a genuine issue of material fact as to whether Western Reserve Chemical's proffered reason for her termination had a basis in fact[,] but indicated that "our analysis does not stop [t]here." *Id.* at ¶ 33-34. After summarizing the evidence presented below, we determined that Ms. Lehmier "failed to put forth evidence creating a genuine issue of material fact that she was terminated based upon her gender." *Id.* at ¶ 37. Accordingly, because Ms. Lehmier failed to meet both requirements (i.e., that the proffered reason for her termination was false, and that gender discrimination was the real reason for her termination), we held that "Ms. Lehmier * * * failed to create a genuine issue of material fact that Western Reserve Chemical's proffered reason for her

termination was pretext." *Id.* at ¶ 38. That holding in no way serves to preclude Ms. Lehmier from establishing pretext relative to her claim for retaliation. In other words, an employer can retaliate against an employee for reporting offensive comments without engaging in gender discrimination; failing to establish pretext as to one claim does not preclude a litigant from establishing pretext as to the other. Viewing the evidence in a light most favorable to Ms. Lehmier, we conclude that a genuine issue of material fact remained as to whether Western Reserve Chemical terminated Ms. Lehmier based upon her reporting of Mr. Anderson's offensive comments. We, therefore, sustain Ms. Lehmier's second assignment of error.

## III.

{¶21} Ms. Lehmier's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

STEVEN W. MASTRANTONIO, Attorney at Law, for Appellant.

HAMILTON DESAUSSURE, JR., Attorney at Law, for Appellee.