[Cite as *Meehan v. Mardis*, 2022-Ohio-1379.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LAWRENCE E. MEEHAN, | : | APPEAL NO. C-210399<br>TRIAL NO. A-1602670 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| JOHN HOWARD MARDIS, | : | |
| and | : | |
| LONNIE G. HORN, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| TBG PROPERTIES, L.L.C., et al., | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 27, 2022

*Hemmer DeFrank Wessels, P.L.L.C.,* and *Scott R. Thomas*, for Plaintiff-Appellant,

*Wood & Lamping, L.L.P.,* and *Dale A. Stalf*, for Defendant-Appellee John Howard Mardis,

*Minnillo Law Group Co., L.P.A.,* and *William J. Mulvey*, for Defendant-Appellee Lonnie G. Horn.

**CROUSE, Judge.**

{¶1} This case arose out of a dispute between former business partners Lawrence Meehan and John Mardis, who co-owned Mardis and Meehan Construction, Inc., ("MMCI"). Meehan accused Mardis of conspiring with a third person, Lonnie G. Horn, to divert MMCI money and property to Horn and his company Artistic Tile and Marble, L.L.C. The trial court granted partial summary judgment in favor of Mardis and Horn. This court partially reversed and remanded the cause on October 4, 2019. *See Meehan v. Mardis*, 2019-Ohio-4075, 146 N.E.3d 1266 (1st Dist.) ("*Meehan I*"). As relevant to the present appeal, this court held, "[I]n his complaint, Meehan does not allege conversion by Horn. He only alleges conversion by Mardis. Accordingly, the trial court did not err in granting partial summary judgment in favor of Horn on that claim." *Id.* at ¶ 44.

{¶2} On January 11, 2021, Meehan filed a motion for leave to amend his complaint to include a claim for conversion against Horn. Horn opposed the motion and moved for summary judgment. The trial court denied Meehan's motion for leave to amend the complaint and granted Horn's motion for summary judgment.

{¶3} Meehan has appealed, arguing in two assignments of error that the trial court erred in denying his motion for leave to amend his complaint and in granting summary judgment in favor of Horn. For the reasons discussed below, we overrule both assignments of error and affirm the trial court's judgment.

### First Assignment of Error

{¶4} The decision of whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999). " 'Abuse of discretion' has been defined as an

3

attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶5} Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such leave "shall be freely granted when justice so requires." *Turner* at 99. "While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

> The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ. R. 1(B) requires that the Civil Rules shall be applied "to effect just results." Pleadings are simply an end to that objective. The mandate of Civ. R. 15(A) as to amendments requiring leave of court, is that leave "shall be freely given when justice so requires." Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and *it is tendered timely* and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion.

(Emphasis added.) *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175, 297 N.E.2d 113 (1973).

{¶6} The court in *Franciscan Communities, Inc. v. Rice*, 8th Dist. Cuyahoga No. 109889, 2021-Ohio-1729, aptly summarized the state of the law: "Delay, in and of itself, is generally an insufficient reason for a trial court to deny leave to amend a

4

complaint. In deciding whether to grant or deny leave to amend a pleading, the 'primary consideration' is whether there will be actual prejudice to an opposing party because of the delay." *Id.* at ¶ 36, quoting *Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, ¶ 20. "However, where a motion for leave to file an amended complaint is not timely tendered and there is no apparent reason to justify the delay, a trial court does not abuse its discretion in denying a proposed amendment." *Franciscan* at ¶ 37, citing *State ex rel. Smith v. Adult Parole Auth.*, 61 Ohio St.3d 602, 603-604, 575 N.E.2d 840 (1991); *accord Meadors v. Zaring Co.*, 38 Ohio App.3d 97, 99, 526 N.E.2d 107 (1st Dist.1987).

{¶7} The trial court did not state why it denied the motion for leave to amend and Horn did not provide any rationale in his motion opposing the motion for leave to amend. On appeal, Horn argues he would be prejudiced by the amendment because summary judgment has been granted in his favor and he is "out of the case." However, any party in any case would be prejudiced by the reversal of a grant of summary judgment in his favor. In order to establish prejudice, Horn must show how he would be prejudiced in defending the case. He has not made any argument on that front.

{¶8} Horn also argues "undue delay." When considering "undue delay," courts have considered both the party's delay in bringing the motion for leave to amend and whether the amendment would unduly delay the proceedings. *See Franciscan* at ¶ 40, 47; *Gvozdanovic v. Woodford Corp.*, 139 Ohio App.3d 11, 34, 742 N.E.2d 1145 (1st Dist.2000).

{¶9} Meehan argues that allowing him to amend his complaint would not delay the proceedings. Meehan's conversion claim against Horn is based upon the same facts as his other claims against Horn and Mardis. In fact, the proposed amended

complaint simply added "and Lonnie G. Horn" to the paragraph alleging conversion in the original complaint. Horn does not contend that additional discovery would be necessary or that he would need additional time to prepare a defense to the conversion claim. Therefore, Horn has not demonstrated that granting the amendment would cause further delay in the case.

{¶10} Nevertheless, there is evidence that Meehan unduly delayed in filing his motion for leave to amend. On December 20, 2019, the trial court set a jury trial date of January 11, 2021. On December 22, 2020, at the parties' request and in the hopes that a settlement could be reached, the trial court continued the trial date to July 19, 2021. Meehan filed his motion for leave to amend on January 11, 2021. On June 28, 2021, the trial court denied Meehan's motion for leave to amend, granted Horn's motion for summary judgment, and continued the trial date to March 21, 2022, due to a criminal trial on its docket.

{¶11} By December 20, 2020, the parties were 22 days out from trial and Meehan had still not filed a motion for leave to amend. *Compare Scott v. Durrani*, 1st Dist. Hamilton No. C-180641, 2021 Ohio App. LEXIS 3197, *6 (Sep. 17, 2021) ("When WCH moved to amend its answer, the case still sat at its infancy—discovery had barely begun and no date was set for trial.").

{¶12} At the latest, Meehan became aware of his failure to file a claim of conversion against Horn on October 4, 2019, when this court released *Meehan I*. And yet he did not move to amend his complaint until January 11, 2021, 15 months later.

{¶13} Rather than attempt to explain the delay, Meehan argues that his motion should have been granted because he sought to correct an oversight in the original complaint, and a motion for leave to amend a complaint after appeal in order

to correct deficiencies identified by the appellate court is permissible. *See Lehmier v. W. Res. Chem. Corp.*, 9th Dist. Summit No. 29297, 2019-Ohio-4245, ¶ 12. However, the Ninth District in *Lehmier* was careful to restrict its holding to the trial court's application of the law-of-the-case doctrine. *Id.* The court took no position on whether the motion for leave to amend should have been denied due to undue delay.

{¶14} Meehan has offered no explanation for why he waited 15 months to file the motion for leave to amend and a reasonable basis supports the trial court's judgment. Therefore, the court did not abuse its discretion in denying the motion. The first assignment of error is overruled.

### *Second Assignment of Error*

{¶15} In his second assignment of error, Meehan argues the trial court erred in granting summary judgment in favor of Horn. Because the motion for leave to amend the complaint to add a conversion claim was denied and Horn did not owe Meehan a fiduciary duty, the trial court properly granted summary judgment in favor of Horn. Therefore, the second assignment of error is overruled.

### *Conclusion*

{¶16} The trial court did not abuse its discretion in denying Meehan's motion for leave to amend his complaint. Both assignments of error are overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.