[Cite as *Hill-Lewis v. Clifton Healthcare Ctr.*, 2024-Ohio-846.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| FELICIA HILL-LEWIS, Administratrix of the Estate of Louise Hill, deceased, | : | APPEAL NO. C-230419<br>TRIAL NO. A-2300046 |
|  | : |  |
| and | : |  |
| ANTHONY HILL, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : |  |
|  | : |  |
| vs. | : |  |
| CLIFTON HEALTHCARE CENTER, | : |  |
| and | : |  |
| CLIFTON CARE CENTER, INC., | : |  |
| Defendants, | : |  |
| and | : |  |
| REHABCARE, c/o Kindred Rehab Services, Inc., Agent, | : |  |
| and | : |  |
| BRIANNA HOGAN | : |  |
| Defendants-Appellees. | : |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 8, 2024

*Plevin & Gallucci Co., L.P.A., Michael D. Shroge*, *Flowers & Grube, Paul W. Flowers* and *Kendra N. Davitt,* for Plaintiffs-Appellants,

*Amundsen Davis, LLC*, and *Alex Freitag*, for Defendants-Appellees.

**BERGERON, Judge.**

{¶1} In this case, plaintiffs filed a lawsuit against several defendants but failed to even identify two of them anywhere in the body of the complaint, let alone allege any claims against them, despite three years of litigation. In response to the defense's motion to dismiss, the plaintiffs assured the court that they could fix any deficiencies in the complaint but failed to offer up any plan for filling in the gaps, nor did they tender an amended complaint. The trial court eventually dismissed the complaint and denied leave to amend, and we find its decision justified. A plaintiff must make actual allegations against a defendant that satisfy the governing legal standard to survive dismissal, and that never happened here. We accordingly affirm the trial court's judgment.

I.

{¶2} Louise Hill, mother of plaintiffs-appellants Felicia Hill-Lewis and Anthony Hill, was admitted to Clifton Healthcare Center, a long-term care facility and nursing home, in January 2019. About a week later, she died after rapidly eating food on her plate and asphyxiating. Hill-Lewis and Hill (together, "Hill-Lewis") in June 2020 first filed suit for wrongful death and pain and suffering damages against Clifton Healthcare Center, "Rehabcare," and Brianna Hogan, claiming they warned the facility about their mother's dangerous eating tendencies. After voluntarily dismissing that lawsuit in May 2022, they refiled a complaint in January 2023, this time against Clifton Healthcare Center, Clifton Care Center, Inc., "Rehabcare," Brianna Hogan, and Sarah Evans, claiming wrongful death under R.C. 2125.01 and seeking damages for pain and suffering under R.C. 2305.21.

3

{¶3} In the caption of the refiled complaint, Hill-Lewis named "Rehabcare" and lists "c/o Kindred Rehab Services, Inc., Agent" below the name. Underneath the names of defendants Brianna Hogan and Sarah Evans, they listed "c/o Rehabcare." In the body of the refiled complaint, they defined "Defendants" as "Clifton Healthcare Center and Clifton Care Center, Inc.," without ever mentioning Rehabcare, Kindred Rehab Services, Ms. Hogan, or Ms. Evans. An attached affidavit signed by Dr. David Seignious provides that he is "of the opinion that the applicable standard of care was breached by Clifton Healthcare Center and Clifton Care Center, Inc., and their employees and/or agents, Rehab Care, and its employees and/or agents, Brianna Hogan and Sarah Evans." This is the only mention of Rehabcare, Ms. Hogan, or Ms. Evans in the refiled complaint or affidavit other than the complaint's caption.

{¶4} Kindred Rehab Services, Inc., and Brianna Hogan (together, "Kindred Defendants"), together with Sarah Evans (who Hill-Lewis later voluntarily dismissed from the case), moved to dismiss the action against them for failure to state a claim under Civ.R. 12(B)(6) on several grounds. Most relevant, they highlighted how the refiled complaint does not mention them outside of the case caption. Additionally, they argued that the four-year statute of repose regarding Ms. Hill's death expired on January 17, 2023, and that no claims were made against them prior to that date. Therefore, they argue, Hill-Lewis should not be allowed to amend the complaint to fashion new claims against them.

{¶5} In their response and "alternative motion for leave to amend," Hill-Lewis insisted that Kindred Rehab Services, Inc., could not be dismissed from the case because it was only named as an agent of "Rehabcare" and not as a party. They claim the refiled complaint includes nothing that would allow the court to treat Kindred

4

Rehab Services as a party based on Kindred's assertion that it was "incorrectly sued as Rehab Care" because no information in the refiled complaint would point to that conclusion. If the court agreed that Kindred Rehab Services should have been named as a party instead of Rehabcare, Hill-Lewis requested leave to revise the complaint under Civ.R. 15(A) and 21. As part of their response and alternative motion, they attached a revised medical affidavit (with only semantic changes) but did not include an amended complaint. Regarding Ms. Hogan, they maintained that dismissal is inappropriate because she is named in the caption and the medical affidavit.

{¶6} In May 2023, following a motions hearing for which we have no transcript, the trial court granted the Kindred Defendants' motion to dismiss, with prejudice, but did not explain its grounds for dismissal. It later revised its entry to include "no just reason for delay" language pursuant to Civ.R. 54(B), rendering the decision a final appealable order regarding the Kindred Defendants. Hill-Lewis now appeals the dismissal.

II.

{¶7} An appellate court reviewing a trial court's grant of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) assesses the sufficiency of the complaint, taking all allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Mere unsupported conclusions regarding the elements of a claim are not taken as admitted and are insufficient to withstand a motion to dismiss without sufficient factual support. *Id.* at 193. Under Ohio's relaxed "notice-pleading" standard, courts grant motions to dismiss "only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

5

relief." *Greenwood v. Taft*, 105 Ohio App.3d 295, 297, 663 N.E.2d 1030 (1st Dist.1995), citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). This court reviews the trial court's decision to grant a motion to dismiss under Civ.R. 12(B)(6) de novo. *Inwood Village, Ltd. v. City of Cincinnati*, 1st Dist. Hamilton No. C-110117, 2011-Ohio-6632, ¶ 8.

{¶8} First, Hill-Lewis's standing-esque argument, which they reiterate on appeal, that Kindred Rehab Services, Inc. cannot participate in the case because it was not named as a party, misses the point. In most cases with an improperly-named defendant, the defendant might seek dismissal based on the misnomer and the plaintiff generally resists that. This case is almost backwards, with Hill-Lewis seemingly trying to use their misnomer offensively. Regardless, the real issue here is that the refiled complaint makes no allegations against "Rehabcare," nor against Kindred Rehab Services, Inc., which the complaint only identifies as Rehabcare's agent. The trial court, describing Kindred as a "defendant" in its dismissal entry, apparently substituted it as the appropriate defendant. Because we lack the benefit of a transcript of the motions hearing, which was Hill-Lewis's responsibility to file, to help clarify Kindred Rehab Services' status, we decline to question the trial court's decision to treat Kindred as a party. App.R. 9(B); *see Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988) ("Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee.").

{¶9} Getting to the heart of the matter, Hill-Lewis argues that the refiled complaint sufficiently presented claims against the Kindred Defendants. But other than a brief, vague, and conclusory mention in the affidavit attached to the complaint,

the refiled complaint makes *no* mention of the Kindred Defendants and explicitly excludes them from its definition of "Defendants," against whom Hill-Lewis presents their substantive claims. In fact, parsing through the refiled complaint fails to reveal how the Kindred Defendants are even connected to this case in any way—are they contractors, employees, or otherwise related to Clifton Healthcare Center? Did they have any responsibilities regarding Ms. Hill? The refiled complaint's lack of any factual basis for suing the Kindred Defendants, combined with the total lack of any actual claims against them, satisfies us that the complaint failed to state a claim against them under Civ.R. 12(B)(6). Nor is this a case where we need to scrutinize a complaint's allegations to determine their sufficiency; there simply are none against the Kindred Defendants.

{¶10} That said, the trial court of course had discretion whether to grant Hill-Lewis's motion for leave to amend the complaint instead of dismissing the Kindred Defendants from the lawsuit, and we review that determination for an abuse of discretion. *Meehan v. Mardis*, 1st Dist. Hamilton No. C-210399, 2022-Ohio-1379, ¶ 4; *see* Civ.R. 15(A). An abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. "Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175, 297 N.E.2d 113 (1973); *see WBCMT 2007-C33 Office 7870, LLC v.*

7

*Breakwater Equity Partners, LLC*, 2019-Ohio-3935, 133 N.E.3d 607, ¶ 13 (1st Dist.); *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984) ("[T]he language of Civ. R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party.").

{¶11} As an initial matter, we treat the trial court's decision to grant the dismissal without ruling on Hill-Lewis's motion for leave to amend as an implicit denial of the motion for leave. *See Hensley v. Durrani*, 1st Dist. Hamilton No. C-130005, 2013-Ohio-4711, ¶ 14, citing *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 13. Accordingly, the trial court's denial of the motion for leave to amend is properly before this court. *See Siemaszko v. FirstEnergy Operating Co. (FENOC)*, 187 Ohio App.3d 437, 2010-Ohio-2121, 932 N.E.2d 414, ¶ 9 (6th Dist.) ("A denial of a motion to amend a complaint would be a final judgment if the trial court included Civ.R. 54(B) 'no just reason for delay' language." (quoting *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 7.)).

{¶12} In their alternative motion for leave to amend below, Hill-Lewis merely suggested that the court should freely grant leave to amend the complaint "[i]n the event that [the trial court] does identify a deficiency in the pleading or affidavit of merit." It suggested no means by which it would correct the complaint's failure to identify Kindred Rehab Services or Ms. Hogan, nor did it explain how they are associated with the claims they make or the other defendants they name. On appeal, they suggest they could have amended the complaint to replace Rehabcare with Kindred Rehab Services in the caption and to furnish more details in support of their wrongful death and survivorship claims. But they again offer no specifics, such as how

the Kindred Defendants are associated with the Clifton Healthcare Center or how they might have been involved in Ms. Hill's death. Further, Hill-Lewis did not argue in their brief that the affidavit is considered part of the complaint for the purposes of the Civ.R. 12(B)(6) motion. But even if the affidavit was considered part of the four corners of the complaint, it merely asserts legal conclusions without a factual basis, which are insufficient to form the basis of a claim for the purposes of Civ.R. 12(B)(6). *See Mitchell*, 40 Ohio St.3d at 193, 532 N.E.2d 753.

{¶13} Although Ohio's burden on plaintiffs at the motion to dismiss stage is decidedly low, when a plaintiff falls below that minimum threshold to survive a Civ.R. 12(B)(6) motion, it is incumbent on the plaintiff, not the court, to explain how an amended complaint would fix the shortcomings. *See Olthaus v. Niesen*, 1st Dist. Hamilton No. C-230142, 2023-Ohio-4710, ¶ 27 ("A court cannot simply assume that a picture-perfect complaint could be drafted that would alleviate any of its concerns."). "Simply put, it is not the trial court's job to figure what a complaint's deficiencies are and then inform the plaintiff where his causes of action are lacking so he can have 'another bite at the apple.' " *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 101.

{¶14} By failing to present the trial court with any plan for how they would fix the many faults of their refiled complaint, let alone tender a proposed amended complaint for it to assess, Hill-Lewis supplied the court ample reason to deny leave. *See Peterson*, 34 Ohio St.2d at 175, 297 N.E.2d 113. Accordingly, we cannot say the trial court abused its discretion in impliedly denying Hill-Lewis's alternative motion for leave to amend. *See Richard v. WJW TV-8*, 8th Dist. Cuyahoga No. 84541, 2005-Ohio-1170, ¶ 23 ("Where the movant fails to present operative facts in support of the

9

new allegations, a court does not abuse its discretion in denying a motion to amend."), citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991), and *Solowitch v. Bennett*, 8 Ohio App.3d 115, 117, 456 N.E.2d 562 (8th Dist.1982). Further, Hill-Lewis's failure to identify potential deficiencies and to describe how they would be cured by amendment renders their motion for leave futile. *See Hensley*, 1st Dist. Hamilton No. C-130005, 2013-Ohio-4711, at ¶ 14 ("While Civ.R. 15(A) provides that leave to amend should be given freely, a trial court properly refuses to grant leave to amend when amendment would be futile."). We therefore affirm the trial court's judgment granting the Kindred Defendants' motion to dismiss and its implied denial of Hill-Lewis's alternative motion for leave to amend.

\* \* \*

{¶15} We overrule Hill-Lewis's sole assignment of error and affirm the judgment of the trial court dismissing Kindred Rehab Services, Inc., and Ms. Hogan from Hill-Lewis's refiled lawsuit.

Judgment affirmed.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.